[S. F. No. 3210.   Department One.—June 20, 1903.]

A. C. FREESE, Administrator, etc., of Ellen Denigan, deceased, Appellant, v. HIBERNIA SAVINGS AND LOAN SOCIETY, and M. D. CONNOLLY, Respondents.

NONSUIT—TRIAL—SUFFICIENCY OF EVIDENCE.—The rules as to nonsuit are the same, whether the trial is by the court or by a jury. A motion for a nonsuit should not be granted where the plaintiff's evidence is such that if the case had gone to the jury on that evidence it would be held sufficient to support the judgment upon a verdict for the plaintiff, or, if the action is tried by the court, would be sufficient to support a finding in favor of the plaintiff.

HUSBAND AND WIFE—COMMUNITY PROPERTY—PRESUMPTION—PROOF OF SEPARATE PROPERTY.—The presumption attending the possession of property by the husband or wife that it is community property is disputable, and may be overcome by that degree of proof that the property was separate which ordinarily produces conviction in an unprejudiced mind; and in the case of such legal evidence as, under the circumstances of the particular case, would produce such conviction of the fact of separate property, the presumption of community property unsupported must fall.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

R. F. Mogan, John O'Gara, and J. D. Sullivan, for Appellant.

Tobin & Tobin, for Hibernia Savings and Loan Society, Respondent.

Kierce & Gillogley, for M. D. Connolly, Respondent.

ANGELLOTTI, J.—Plaintiff administrator brought this action to recover the sum of one thousand dollars, which, it was alleged, belonged to the estate of his intestate, and had been converted by the defendants to their own use.   The action was tried without a jury, and the court granted a motion for a nonsuit, on the ground that the money sued for was not shown to have been the separate property of Ellen Denigan.   From the judgment entered in favor of the de-

fendants plaintiff appeals, and the only ground alleged for reversal is, that the court erred in granting the motion for a nonsuit.

The facts shown by the evidence material to this controversy are as follows, viz: Ellen Denigan was, prior to her marriage, Ellen McCabe. She and Francis Denigan (whose name was also pronounced Donegan or Dunnigan), intermarried on the nineteenth day of January, 1862, and they continued to be husband and wife to the time of her death, which occurred July 3, 1896. At the time of her marriage, she was the owner of two parcels of real estate in San Francisco—one on Bryant Street, conveyed to her in May, 1860, and one on Shipley Street, conveyed to her in September, 1861. By a deed executed August 13, 1884, she and her husband conveyed the Shipley-Street lot for two thousand dollars cash. On August 18, 1884, there was deposited with Father Maraschi, treasurer at St. Ignatius College, to the credit of "Frank or Ellen Dunigan," the sum of eighteen hundred dollars. No other deposit was ever made on this account, and on July 6, 1886, the balance of principal remaining—viz., seventeen hundred dollars—was withdrawn. On the same day, July 6, 1886, account No. 133,269 was opened by the Hibernia Savings and Loan Society with "Frank Denigan or Ellen Denigan" by a credit of cash of seventeen hundred dollars.

On February 24, 1888, she conveyed the Bryant-Street land for a consideration of $6,750, which was paid her in cash, and on Monday, February 27, 1888, a deposit of thirteen hundred dollars was made to the credit of said account. This account 133,269 continued to October 19, 1896, a little over three months after the death of Ellen Denigan, when it was closed, the balance at that date being $2,413.33. The only two deposits made to the credit of this account were the seventeen-hundred-dollar deposit of July 6, 1886, and the thirteen-hundred-dollar deposit of February 27, 1888, all the other credits being dividends of interest earned by these two deposits. On the day this account was closed, with a payment by the bank of the balance of $2,413.33, October 19, 1896, account No. 212,145 was opened by the defendant bank with "Francis Denigan or James Denigan," by a credit of cash, $2,413.33, the Francis Denigan therein mentioned being the

surviving husband of said Ellen Denigan. The only other deposit to the credit of said account was one of two hundred and fifty dollars on July 9, 1897, the other credits being of interest dividends. On November 29, 1897, there was paid by the bank on this account to defendant M. D. Connolly, on the written order of said Francis Denigan, dated November 28, 1897, the sum of one thousand dollars. It is not disputed, and cannot well be under the decisions, that a motion for a nonsuit should not be granted where plaintiff's evidence is such, that, if the case had gone to a jury on that evidence and a verdict had been rendered for him, the evidence would be held sufficient to support the judgment upon the verdict. The rules as to nonsuit are the same, whether the trial is by the court or by a jury. (*Goldstone* v. *Merchants' I. and C. S. Co.*, 123 Cal. 625.) The question, then, is whether, if the court below had, upon the evidence hereinbefore set forth, found that the property in question was the separate property of Ellen Denigan, such finding could be held to be supported by the evidence. We entertain no doubt that this question must be answered in the affirmative. While the presumption attending the possession of property by either husband or wife is that it is community property, such presumption is a disputable one, and may be controverted by other evidence. Respondents contend that the evidence of plaintiff was not legally sufficient to overcome this presumption. They rely upon expressions of this court in various cases to the effect that the fact that property is separate property of one of the spouses must be affirmatively established "by clear and decisive proof," "by clear and satisfactory evidence," and "by clear and convincing evidence." Speaking of expressions of this nature, some of which were stronger in terms than any used by this court, such as "clear and conclusive proof," and "conclusive proof," Ballinger, in his work on Community Property, says (sec. 167): "It is not believed, however, that these terms should be considered as going to the length that their general meaning might import. Certainly it is not required that the proof to destroy this presumption should be any more than sufficient to satisfy the mind of court or jury that its weight is enough to cause a reasonable person, under all the circumstances, to believe in its sufficiency, in order to counterbalance the naked pre-

sumption that the property was acquired with the funds of the community. The property is merely considered as the property of the community until the contrary is shown by legal proof, and legal proof would seem to be a preponderance of the testimony under all the facts and circumstances of the particular case.'' (See, also, 6 Am. & Eng. Ency. of Law, 2d. ed., p. 327.)

Clearly, it was never intended by this court to lay down a rule requiring demonstration in such matters,—that is, such a degree of proof as excluding possibility of error, produces absolute certainty. (Code Civ. Proc., sec. 1826.) Such proof is never required. Generally, moral certainty only is required, or that degree of proof which produces conviction in an unprejudiced mind, and evidence which ordinarily produces such conviction is satisfactory. (Code Civ. Proc., secs. 1826, 1835.) Even in criminal cases, where life and personal liberty are involved, the law goes no further than to require that guilt shall be proved beyond a reasonable doubt, the accepted definition of which is, that state of the case which, after an entire comparison and consideration of all the evidence, leaves the minds of the jury in that condition that they cannot say that they feel an abiding conviction to a moral certainty of the truth of the charge. We are of the opinion that it is incumbent on the party seeking to overcome the presumption of community property to do no more than to produce such legal evidence as, *under all the circumstances of the particular case,* would ordinarily produce conviction in an unprejudiced mind, and that in the face of such evidence, the naked presumption, unsupported by any testimony, must fall. In considering whether or not such a degree of proof has been attained, we have the right to consider such presumptions and inferences as are authorized by the law of evidence. That a presumption declared by law has its place in such a dispute was acknowledged by this court in *Denigan v. San Francisco Savings Union,* 127 Cal. 142[1] (147). An inference is simply a deduction which the reason of the judge or jury makes from the facts proved, and in considering a question of the character here involved, we have the same right to make such reasonable deduction from the facts proved as we have in considering other questions. Measured by

[1] 78 Am. St. Rep. 35.

these rules, it is difficult to understand how it can be held that the evidence given on the trial was not legally sufficient to support a finding that the property was separate property. There was not a single circumstance shown by the evidence in aid of the presumption of community property, unless it be the form in which the account was kept, and, in view of what was said by this court in *Denigan* v. *Hibernia Sav. and L. Soc.,* 127 Cal. 137, a case involving the deposit here in question, and *Denigan* v. *San Francisco Savings Union,* 127 Cal. 142,[1] it is apparent that the form in which the deposits were made does not materially assist.

It was established beyond doubt by the evidence that Ellen Denigan was the owner of two parcels of real estate at the time of her marriage, and that the same were therefore her separate property. It is presumed by direction of law that they continued to be her separate property as long as she owned them, and that the proceeds of the sale thereof were, and continued to be, her separate property. The only question, then, concerning which there could be the slightest doubt is as to whether these proceeds were sufficiently traced into the account with the defendant bank that existed at the time of her death, for, under the evidence in the record, there can be no reasonable doubt in the mind of any unprejudiced person that the account opened October 19, 1896, with "Francis Denigan or James Denigan" with a credit of $2,413.33, was opened by a deposit of the $2,413.33 that day taken from that account. That account, prior to the death of Ellen Denigan, had, exclusive of interest dividends, but two credit items, one of July 6, 1886, of seventeen hundred dollars, and one of February 27, 1888, of thirteen hundred dollars. It is fairly inferable from the circumstances shown, that the first deposit was the seventeen hundred dollars, on the same day withdrawn from the account of "Frank or Ellen Denigan" with Father Maraschi, and that the second was a portion of the proceeds of the sale made February 24, 1888, of Ellen Denigan's Bryant-Street property, and such, we think, would be the natural conclusion from the uncontradicted facts. It is also fairly inferable from the evidence before the court, that the eighteen hundred dollars deposited with Father Maraschi to the credit of "Frank or Ellen

[1] 78 Am. St. Rep. 35.

Dunigan,'' on August 18, 1884, and which was the only credit item except a dividend for interest, was a portion of the two thousand dollars, paid her not earlier than August 13, 1884, for her Shipley-Street property. In the absence of evidence of circumstances, the effect of which would be to impair the showing made, we are satisfied that the proceeds of the sales of the separate property have been traced clearly enough to support a finding that the money on deposit with defendant bank at the time of Ellen Denigan's death was her separate property.

It appears that two hundred and fifty dollars was deposited to the credit of the ''Francis Denigan or James Denigan'' account on July 9, 1897, and it is said that this certainly was not the separate property of Ellen Denigan, and that this must be held to be a part of the one thousand dollars, paid to defendant Father Connolly. If this be granted, it would simply reduce plaintiff's claim by two hundred and fifty dollars, and would not take away his right of recovery of the remaining seven hundred and fifty dollars. It is suggested by appellant that the two hundred and fifty dollars was probably deposited in this account to partially compensate for six hundred dollars withdrawn from the original account after the death of Ellen Denigan; but it is doubtful if any such inference is warranted by the evidence in the record.

There was no merit in either of the other grounds specified in the motion for nonsuit. Plaintiff is the administrator of the estate of Ellen Denigan, and, so far as appears, the only administrator that said estate has ever had, and, as such, he is entitled to the possession of all her personal property as against the world.

The judgment is reversed and the cause remanded for further proceedings.

Shaw, J., and Van Dyke, J., concurred.