[Civ. No. 743.    First Appellate District.—May 30, 1910.]

EMMA L. LYNAM, Administratrix, etc., of the Estate of
GOTTLIEB DAMKROEGER, Deceased, Respondent, v.
ERNEST VORWERK, Executor, etc., of KAROLINA
DAMKROEGER, Deceased, Appellant.

HUSBAND AND WIFE—PROPERTY ACQUIRED AFTER MARRIAGE—PRESUMP-
TION OF COMMUNITY PROPERTY.—All property acquired after mar-
riage is presumed to be community property in the absence of evi-
dence showing that it was acquired by gift, bequest, devise or
descent.

ID.—POSSESSION OF MONEY AFTER MARRIAGE—JOINT DEPOSIT IN SAV-
INGS BANK—PRESUMPTIONS APPLICABLE.—Where money was in the
possession of the husband and wife, long after their marriage, and
it was jointly deposited by them in a savings bank, such posses-
sion and deposit raises the presumptions that the property was
acquired after marriage and that it was community property, in
the absence of any proof to the contrary.

ID.—PROPERTY RELATION OF HUSBAND AND WIFE — QUASI PARTNER-
SHIP.—The relation of husband and wife as to their property is
somewhat in the nature of a partnership, where there is usually
partnership property and the separate property of the copartners.

ID. — PRESUMPTION OF PARTNERSHIP PROPERTY — DEPOSIT IN JOINT
NAMES.—If the partners should jointly go to a bank and deposit
money in their joint names, it seems, in the absence of other evi-
dence, that the money was the joint money of such copartners, and
that it being in their possession, as such, it would be presumed
to have been acquired by the copartnership.

ID.—MONEY DEPOSITED AFTER MARRIAGE—BURDEN OF PROOF—CONCLU-
SIVE PRESUMPTION.—Where money was deposited in bank after
marriage by husband and wife, in their joint names, the burden
of proof is upon the wife, or her representatives, to show that she
had a separate interest therein, and in the absence of such proof,
the presumption that it was community property is absolute and
conclusive.

ID.—JOINT TENANCY NOT CREATED BY JOINT WRITTEN DEPOSIT.—
The writing given to the bank showing that the deposit was in
their joint names payable to either on the return of the book did
not have the effect to create a joint tenancy in the husband and
wife, with right of survivorship.

ID.—JOINT INTEREST MUST BE EXPRESSLY DECLARED.—Under section
683 of the Civil Code, it is provided that "a joint interest is one
owned by several persons in equal shares, by a title created by a

single will or transfer, when expressly declared in the will or transfer to be a joint tenancy."

ID. — NATURE OF WRITING — MERE AUTHORITY TO BANK TO PAY TO HOLDER OF BANK-BOOK.—The joint writing given to the savings bank was merely an authority given to it to pay the amount of the deposit to either party on surrender of the pass-book. It did not create a joint right in favor of the husband and wife to the moneys, nor can it be presumed to be joint, under section 1431 of the Civil Code, which has no application to the facts.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Dibert & Stiefvater, and Albert H. Elliott, for Appellant.

Carl E. Lindsay, for Respondent.

COOPER, P. J.—This is an appeal from the judgment in favor of plaintiff for $1,646.20, with interest, and from the order denying defendant's motion for a new trial.

The plaintiff is the administratrix of the estate of Gottlieb Damkroeger, deceased, and the defendant is the executor of the will of Karolina Damkroeger, deceased. The facts of the case are undisputed, and raise a question of law as to the title to the money for which judgment was given.

On September 29, 1899, Gottlieb and Karolina Damkroeger were and for several years prior thereto had been husband and wife, and had money on deposit with the German Savings and Loan Society in their joint names. In connection with the said deposit account there appears the following:

"7850.          San Francisco, September 29, 1899.

"The German Savings and Loan Society, pay all or any sum or sums that are now or may hereafter be deposited with you by us, and entered in pass-book numbered 124,097, to whichever of us, the undersigned, shall demand and receipt for the same and produce said book.

          "KAROLINA DAMKROEGER.
          "GOTTLIEB DAMKROEGER."

It was admitted that the writing contained the correct signatures of both husband and wife.

There was no evidence other than as herein stated as to the source from which the money came, or as to its being the common, joint or separate property of either husband or wife.

Gottlieb, the husband, died in April, 1903, leaving Karolina surviving him. After her husband's death Karolina withdrew the deposit. She qualified as administratrix of the estate of her deceased husband, but never accounted for the moneys so withdrawn by her as any part of the assets of his estate.

In January, 1907, she died, and this action was afterward brought against the executor of her last will and testament.

The plaintiff relied upon the provisions of section 164 of the Civil Code, which declares that all property acquired after marriage by either husband or wife, except that acquired by gift, bequest, devise or descent (Civil Code, section 163), is community property. The section expressly provides that all property acquired by either husband or wife after marriage is community property. The property (money) was in the possession of the husband and wife long after their marriage, and was by them jointly deposited in the bank. Does the fact that the husband and wife are in possession of money after their marriage raise a presumption that it was acquired after such marriage? In our opinion it does. The relation of husband and wife as to their property is somewhat in the nature of a partnership, where there is usually partnership property and the separate property of the copartners. If the copartners should jointly go to a bank and deposit money in their joint names, it seems, in the absence of other evidence, that the most reasonable inference would be that the money was the joint money of such copartners, and that being in their possession as such copartners, it would be presumed to have been acquired by the copartnership. In fact, usually and in most cases where money or property is in the possession of the husband or wife or both after marriage, it has been acquired after marriage. This is a matter of common knowledge. Of course, such possession raises only a presumption, which may be overcome by evidence as to the facts; but in the absence of such evidence the presumption is sufficient. It has been held that the possession of money by either or both husband and wife after marriage, in the absence of other evidence, raises a presumption that it is

community property. In *Fennell* v. *Drinkhouse*, 131 Cal. 447, [82 Am. St. Rep. 361, 63 Pac. 734], it was so held. The court there said: "All of the money found in the bank and received by the said administrator was deposited after the marriage of plaintiff and Mrs. Fennell, and the presumption therefore was, in the absence of other evidence, that all of it was community property, and the burden of proof was upon appellant. This presumption can be overcome by evidence of a clear, certain and convincing character establishing the contrary, and the burden of this showing rested with the parties claiming the separate character of the property. In the absence of such proof the presumption as to the community character was absolute and conclusive."

To the same effect, see *Denigan* v. *Hibernia Sav. & Loan Society*, 127 Cal. 137, [59 Pac. 389]; *Denigan* v. *San Francisco Sav. Union*, 107 Cal. 142, [78 Am. St. Rep. 35, 59 Pac. 390]; *Rowe* v. *Hibernia Sav. & Loan Society*, 134 Cal. 403, [66 Pac. 569]; *Freese* v. *Hibernia Sav. & Loan Society*, 139 Cal. 392, [73 Pac. 172].

The appellant contends that the writing given to the bank had the effect to create a joint tenancy in the husband and wife, with the right of survivorship. In our opinion such contention is not plausible. It is provided in the Civil Code (section 683): "A joint interest is one owned by several persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants." The writing given to the German Savings and Loan Society was merely an authority to the bank to pay the amount entered in the pass-book to either of the parties in whose name the deposit was made. The title to the money was not created by a will or transfer, nor was it granted to executors or trustees as joint tenants. Neither does section 1431 of the Civil Code aid appellant. The writing given to the bank did not create a right in favor of the husband and wife to the money. As before stated, it was a mere authority to the bank as to paying the deposit on surrender of the pass-book. (See *Denigan* v. *San Francisco Sav. Union*, 107 Cal. 142, [78 Am. St. Rep. 35, 59 Pac. 390].)

The judgment and order are affirmed.

Hall, J., and Kerrigan, J., concurred.