[Civ. No. 4414. Fourth Dist. Nov. 26, 1951.]

Estate of BLUFORD C. BAXTER, Deceased. CLAUDIA MAE BAXTER THOMPSON, Appellant, v. BEN F. WHITE, as Administrator, etc., et al., Respondents.

George D. Collins, Jr., for Appellant.

Ruel Liggett, Roy M. Cleator and E. C. Davis for Respondents.

BARNARD, P. J.—This is an appeal from an order settling the final account of an administrator and from a decree of distribution.

In 1925 letters testamentary were issued to Margaret D. Baxter, the widow of the deceased, and the estate was appraised at $41,629.43. In December, 1947, these letters were revoked and in March, 1948, letters of administration were issued to the public administrator. In an order settling Mrs. Baxter's account, made after her death, the court found that she was indebted to this estate in the sum of $11,581.06.

On July 18, 1950, the administrator filed his account and petition for distribution, in which he alleged that the residue of this estate is community property and sought distribution accordingly. The appellant filed objections alleging, among other things, that no part thereof is community property. After "hearing the evidence" the court found, so far as material here, that the residue of the estate amounted to $23,353.55; that this is community property and the estate of Margaret D. Baxter is entitled to one half thereof; that the remaining half is to be divided equally, in accordance with the will, between two daughters of the deceased and the estate of Margaret D. Baxter; and that the $11,581.06 owed by Mrs. Baxter should be deducted from the amount turned over to her estate. An order and decree in accordance with these findings was entered, and this appeal followed.

The appellant contends that there is no evidence that any of this property is, or was, the community property of the decedent and Mrs. Baxter. We are referred to no evidence in support of this contention, except for the claim that Mrs. Baxter had in effect stated in her petition for family allowance, filed on December 2, 1932, that there was no community property. The statement thus referred to, which did not mention community property, was: "that the only property owned by your petitioner consists of a residence located in Santa Ana." This statement was clearly intended to refer to other property and not to her interest in this estate, and it cannot be construed as establishing the fact that no community property existed.

■ The only part of the evidence which appears in the record here is one exhibit. This is a transcript of certain testimony at hearings in 1935 and 1937 upon objections to a prior account in this estate. It appears from this exhibit that Mr. and Mrs. Baxter were married in 1914, and that in 1917 a ranch was deeded to them as joint tenants. They sold this ranch in 1920, receiving $10,000 in cash and a note and trust deed for $26,187, which was payable to Mr. Baxter. The main part of this estate, as appraised in 1925, consisted of this note and a parcel of real property, appraised for $13,000, which was acquired by using the cash from the sale of the ranch. Mrs. Baxter testified at those hearings that the proceeds from the sale of the ranch belonged half to her and half to her husband, and that she considered them community property.

Such evidence as appears in the record indicates that this property was treated by the parties as community property. There is also a presumption that it was community property. (*Estate of Hill,* 167 Cal. 59 [138 P. 690].) It was incumbent upon the appellant to produce satisfactory evidence to the contrary, (*Lynam* v. *Vorwerk,* 13 Cal.App. 507 [110 P. 355]), which was not done so far as the record shows. It cannot be held that the court's findings are entirely without support.

■ It may also be observed that there was no evidence which would even tend to indicate that the property in question was the separate property of the deceased at the time of his death. It clearly appears that at least $39,000 of the property, as appraised in 1925, was the proceeds from the sale of a ranch which Mr. and Mrs. Baxter owned as joint tenants. While the conveyance of this ranch would break the joint tenancy it would not, in the absence of any agreement, deprive Mrs. Baxter of her interest in the proceeds or make them the separate property of Mr. Baxter. (*Estate of Harris,* 9 Cal.2d 649 [72 P.2d 873]; 48 C.J.S., p. 928.) If this was not community property, one half of it still belonged to Mrs. Baxter; her half far exceeded the amount she owed the estate; the debts and expenses of the estate would be payable out of the other half; and the appellant would be in a much worse position than she is under the decree appealed from.

The appellant incidentally contends that under the terms of the will the debts of the deceased should have been paid "from the·Beaumont property." The will did not so provide, and any attempt to have done so would be abortive since it

conclusively appears that that property, which had been held in joint tenancy, was owned by Mrs. Baxter who traded it for the residence in Santa Ana.

The order and decree are affirmed.

Griffin, J., and Mussell, J., concurred.