Argued March 5, affirmed April 29, 1964

# DODGE CITY, INC. *v.* RALSTON ET AL
391 P. 2d 745

*David H. Breuer,* Portland, argued the cause for appellants. With him on the briefs were Dardano & Mowry, Portland.

*John S. Horton,* Albany, argued the cause for respondents. With him on the brief were Weatherford, Thompson & Horton, Albany.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

GOODWIN, J.

Plaintiff, Dodge City, Inc., and defendant, Ralston Motor Co., are automobile dealers franchised by a national manufacturer to sell new automobiles at retail within their respective sales areas. Dodge City appeals from a judgment of nonsuit entered in favor of Ralston when Dodge City sued Ralston for indemnity.

The controversy arose out of these facts: Dodge City had as a customer one Roark. Roark wanted to purchase a new automobile equipped to his specifica-

tions. Dodge City did not have the desired vehicle on hand. The salesman consulted the manufacturer's regional inventory and found that Ralston had an automobile which fit the description on Roark's purchase order. Dodge City thereupon purchased the automobile from Ralston, and in turn sold and delivered it the same day to Roark. The vehicle was sold by Ralston to Dodge City as a new automobile and was warranted by Dodge City to Roark to be a new automobile.

Subsequently, Roark complained to Dodge City that the automobile was a used vehicle in defective condition when he took delivery. Roark demanded the return of his money and tendered the automobile back to Dodge City. Dodge City relayed the tender and demand to Ralston. Ralston refused to take the automobile back or to refund the money to Dodge City. Dodge City then refused Roark's demand for rescission. Roark thereupon sued Dodge City for damages. Roark alleged a breach of an express warranty that the automobile was new.

When Dodge City was served with the summons and complaint in Roark's action, Dodge City promptly tendered the defense of that action to Ralston. Ralston declined to defend. In due course, the case was tried to a jury. Roark recovered judgment. The judgment was not appealed. Between Roark and Dodge City it is final. Dodge City is now demanding from Ralston the full amount of the Roark judgment, as well as attorney fees and costs incurred in defending Roark's action.

Dodge City did not, in its complaint in this action, allege that Ralston had breached the warranty to Dodge City. Dodge City merely alleged that Roark had asserted and a jury had decided that the auto-

mobile was not new. Dodge City had, of course, taken the position in the Roark case that the automobile was in fact a new one. Dodge City may have been correct in that belief; notwithstanding the jury verdict to the contrary. In any event, Dodge City does not now want to relitigate the newness question. If the matter is not concluded by the first verdict, a new jury could, of course, decide that the automobile had been a new one all along.

Dodge City alleged only that Ralston had made a warranty of newness; that Dodge City had relied on Ralston's warranty in warranting the same to Roark; that Ralston knew at the time of making its warranty that Dodge City intended to resell the vehicle as a new automobile; that Dodge City had been sued on its warranty to Roark; that Dodge City had tendered to Ralston unsuccessfully the defense of the first action; that the jury [rightly or wrongly] had decided that Dodge City had breached its warranty; and that a judgment for damages had been entered against Dodge City. The findings and the judgment in the Roark case were pleaded in this case and Dodge City prayed that Ralston be estopped from "relitigating the question of whether the said 1960 Dodge Polara vehicle was a new or used vehicle on December 30th, 1960 * * *."

To this complaint Ralston demurred. The demurrer was overruled. Ralston thereupon answered with a general denial. At the close of the evidence in support of the allegations of the complaint, and upon Ralston's motion, the court entered a judgment of nonsuit. The nonsuit was grounded upon Ralston's misapprehension that Dodge City had made a fatal election of a remedy when it tendered the return of the vehicle to Ralston. Ralston still contends that an

election of remedies occurred, but urges that the judgment can be affirmed as well upon the basis originally urged in the demurrer to the complaint, i.e., that the complaint did not state a cause of action.

■ The complaint did not state a cause of action. Accordingly, we affirm the judgment below on that basis. The complaint failed to allege two vital elements of a cause of action. First, there was no allegation that Ralston in fact had breached its warranty. The allegation that Roark "notified" Dodge City that the automobile was not a new one is not an allegation that the automobile was not new. It is an allegation that someone said the automobile was not new.

Furthermore, Dodge City would not have a cause of action against Ralston without an allegation that the merchandise was delivered to the customer in exactly the same condition in which it was received from Ralston. This was not alleged. An allegation that the automobile was delivered the same day is not an allegation that it was delivered in the same condition.

■■ The allegation that Dodge City had suffered a loss in other litigation does not give rise to an action by Dodge City against Ralston without a direct allegation that the loss was caused by Ralston's breach of warranty. The judgment in Roark's case says only that a warranty given by Dodge City was breached, to the damage of Roark in a certain sum. This "fact", without more, does not establish any breach of any duty owed by Ralston to Dodge City. Additional facts were necessary and they were not pleaded. *Frank R. Jelleff, Inc. v. Pollak Bros., Incorporated,* 171 F Supp 467 (ND Ind 1957). An original seller is always entitled to his day in court

upon the issue of intermediate change of condition. See 5 Williston, Contracts 3803, § 1355 (rev ed 1937).

We leave open a question that may arise in the future between these parties. Dodge City contends that this is a proper case in which to invoke the rule of estoppel by judgment in an action for indemnity. See *Estep v. Bailey,* 94 Or 59, 158 P 227 (1919); *Balte v. Bedemiller,* 37 Or 27, 60 P 601 (1900); *Pezel v. Yerex,* 56 Cal App 304, 205 P 475 (1922); *Prescott v. Le Conte,* 83 App Div 482, 82 NYS 411 (1903), affirmed 178 NY 585, 70 NE 1108 (1904); 50 CJS 360-363, Judgments § 811. We reserve decision upon the availability and extent of the doctrine of estoppel in a case of this kind until it is properly before us.

Because "election of remedy" was the ground assigned for the granting of the nonsuit, it ought to be pointed out why this case does not involve an election of remedies.

■ Ralston contended at the trial that, by tendering the automobile back to Ralston when Roark first made known his displeasure with it, Dodge City had made a fatal election to rely upon rescission as its sole remedy. See, on election of remedies, *Ladd v. General Ins. Co.,* 236 Or 260, 387 P2d 572 (1963). Ralston's argument began with the premise, correct as far as it went, that the tender-back by Dodge City of the automobile constituted an act of rescission of the original sale. The argument then proceeded to the effect that, even though rescission was frustrated by Ralston's refusal to accede to it, the attempt to rescind was an election of a remedy inconsistent with the present action for damages, and was a bar to it. See ORS 75.690 (superseded by ORS 72.7110 et seq.

in the 1963 adoption of the Uniform Commercial Code —Sales).

If Ralston had accepted Dodge City's proffered rescission, Dodge City would have had its remedy and this action would not have been brought. An agreed-upon rescission clearly would have been a bar to a subsequent resort to another remedy. ORS 75.690 (2). As the matter stood, however, Dodge City had attempted to employ one of the then-available statutory remedies of a buyer and had been frustrated by the seller. An "ineffective attempt to rescind is not a binding election, and certainly the Buyer's unheeded demand for reimbursement of the purchase price and installation costs was no more than an ineffective attempt to rescind." *Royce Chemical Company v. Sharples Corporation,* 285 F2d 183, 188 (2d Cir 1960). See also *Diamond City B. P. & P. Co. v. Murdoch-James Co.,* 270 Pa 455, 113 A 556 (1921).

While Dodge City could have elected a remedy of rescission, and could have employed statutory implementation thereof upon Ralston's refusal to accede to it, Dodge City was not bound to do so. ORS 75.690 (1)(d), (4) & (5). Dodge City was free to sue Ralston for damages for the breach of warranty, ORS 75.690 (1)(b), and apparently attempted to do so. The nonsuit was properly granted, however, because the complaint stated no cause of action.

. Affirmed.