[S. F. No. 1737.   Department One.—December 12, 1899.]

JAMES DENIGAN, Appellant, v. HIBERNIA SAVINGS AND LOAN SOCIETY et al., Respondents.

SEPARATE PROPERTY OF WIFE—DEPOSIT IN SAVINGS BANK—PASS-BOOK IN ALTERNATIVE NAMES—GIFT TO HUSBAND NOT SHOWN.—Upon the deposit of money which is the separate property of the wife in a savings bank. the taking of a pass-book showing an account with the bank in the alternative names of the husband or wife, is consistent with the desire of the wife to give her husband authority to withdraw the money for her use. when needed; and the wife having retained the right to withdraw the whole of the money, and the pass-book not being shown to have been delivered by her to the husband, nor possessed by him until after her death, no gift to the husband is shown or indicated, but the money remained the separate property of the wife, and is to be administered upon as such.

ID.—BURDEN OF PROOF UPON DONEE OF HUSBAND.—The burden of proof is upon a donee of the deposit claiming under the husband, without consideration, to show affirmatively that the husband had acquired a title to what had been the wife's separate property, and that it had ceased to be such.

ID.—PRESUMPTION—NATURE OF GIFT—RENUNCIATION OF RIGHT OF GIVER.—There is no presumption in favor of a gift. A gift in its nature divests the donor of all title, and requires a renunciation of all claim and interest of the donor in the subject of the gift. The retention by the wife of the right to withdraw the whole of the deposited money in her own name from the bank is inconsistent with the idea of a gift thereof to her husband.

ID.—GIFT CLAIMED AFTER DEATH—PROOF REQUIRED.—When the claim of a gift is not asserted until after the death of the alleged donor, clear and satisfactory evidence of every element which is requisite to constitute a gift is required to sustain such claim.

ID.—APPEAL BY CLAIMANT UNDER HUSBAND—PAYMENT BY BANK ON HUSBAND'S ORDER—QUESTION OF AUTHORITY NOT INVOLVED.—The husband not having title to the deposit, could give none to his donee thereof, and upon appeal by one claiming as such donee from a judgment sustaining the title of the wife's administrator to the residue of the deposit, after deducting a payment made by the bank, after the husband's death, to a third person on the husband's written order, cannot question the authority of the bank to make such payment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

George D. Collins, and James Gartlan, for Appellant.

Tobin & Tobin, for the Hibernia Savings and Loan Society, Respondent.

J. D. Sullivan, and John O'Gara, for A. C. Freese, Administrator of Ellen Denigan, Deceased, Respondent.

HARRISON, J.—July 6, 1886, Ellen Denigan deposited with the Hibernia Savings and Loan Society the sum of seventeen hundred dollars, and received from the bank a pass-book entitled "No. 133,269, Frank Denigan or Ellen Denigan in account with the Hibernia Savings and Loan Society." There is no evidence of the form in which the account was opened upon

the books of the bank, but it is assumed that it was opened in the same form in which it was entered upon the pass-book. February 27, 1888, an additional deposit of thirteen hundred dollars was made with the bank and entered upon the pass-book. Frank Denigan was the husband of Ellen, and at the times of the above deposits the moneys so deposited were the separate property of Ellen. She died July 3, 1896, and at the time of her death the moneys so deposited, together with fifty-six dollars and twenty-five cents interest that had accumulated thereon, remained with the bank to the credit of the above account. October 19, 1896, her surviving husband caused two thousand four hundred and thirteen dollars and thirty-three cents to be transferred upon the books of the bank from this account to a new account, and received from the bank a pass-book entitled "No. 212,145, Francis Denigan or James Denigan in account with The Hibernia Savings and Loan Society." James Denigan was the nephew of Francis, and the reason assigned for this transfer was, that on the death of Francis the nephew could distribute the amount then in bank to himself and his two sisters. November 28, 1897, Francis gave to one M. D. Connelly the pass-book last named, with an order in writing directing the bank to pay to Connelly, out of said deposit, the sum of one thousand dollars; and upon the presentation of this order with the pass-book that amount was upon the next day paid to him. Francis Denigan died November 29, 1897, and this payment was not made until after his death. Thereafter James Denigan, the plaintiff herein, presented the pass-book to the bank and demanded payment of the amount of said account without any deduction for the amount paid to Connelly, and upon the refusal of the bank commenced the present action to recover from it the sum of two thousand four hundred and sixty-three dollars. After the death of Francis Denigan the court appointed a special administrator of his estate, who thereupon notified the bank that he claimed the money held under this deposit, and at the instance of the bank was made a party defendant, and filed an answer setting forth the claim of the estate to the money. Letters of administration upon the estate of Ellen Denigan were issued to A. C. Freese, the public administrator, and he filed a complaint in intervention claim-

ing the money in behalf of his intestate. The cause was tried by the court, and findings of fact made by it to the effect that the money originally deposited by Ellen was her separate estate, and that her husband never acquired any title or interest therein; that the transfer by her husband of said deposit to the account of himself and the plaintiff herein was without any right or authority, and that said transfer was without any consideration moving from the plaintiff. The court found that the sum of fourteen hundred and sixty-three dollars and thirty-three cents of said deposit still remains in the possession of the bank, and that it was the separate property of Ellen, and an asset of her estate, and that the intervenor was entitled to recover the same. Judgment was thereupon rendered in favor of the intervenor for this amount against the bank, and that neither the plaintiff nor the estate of Francis Denigan had any right to any portion of said money. From this judgment and an order denying a new trial the plaintiff has appealed.

The plaintiff's right to the money depends entirely upon the title or right which Francis Denigan had thereto. The plaintiff gave no consideration therefor, and can sustain his right to this money only by showing that Francis had acquired a title thereto superior to that of the personal representatives of Ellen. As it was conceded at the trial that at the time the money was deposited by Ellen it was her separate property, it was incumbent upon anyone setting up a claim thereto against her personal representative to show that he had in some way acquired her title. There is nothing in the record herein showing any declarations or conversation respecting the purpose of making the deposit in the form in which it was made, or the circumstances under which the deposit was made. Both of the parties to the transaction are dead, and the only fact that is urged in support of the plaintiff's claim that Ellen parted with her title to the money is the form in which the account was opened and in which the pass-book was issued by the bank. The claim by the appellant that she thereby made a gift of the money to her husband is untenable. It is not shown that the husband had any possession of the bank-book until after the death of his wife, and the authorities which hold that under certain circumstances the delivery of a savings bank-book is

a constructive or symbolical delivery of the money represented by it, and which are cited by the appellant in support of his claim that there was a gift to the husband, are inapplicable. Possession of a bank-book may be a circumstance in determining the ownership of the money represented by it, but is not of itself determinative of that fact, in the absence of any evidence as to how the possession was obtained. Possession is not the equivalent of delivery. There may be possession where there has been no delivery, but there cannot be a valid delivery of a chattel unless it is accompanied by possession actual or constructive; and, as it was not shown that the bank-book was ever delivered by Ellen to her husband, one of the essential elements of a gift is wanting. There is no presumption in favor of a gift (*Grey v. Grey,* 47 N. Y. 552; *White v. Warren,* 120 Cal. 322); and in the present case the idea of a gift is inconsistent with the retention by the wife of the right in herself to withdraw the whole of the money from the bank. A valid gift goes into immediate effect, and has no reference to the future. It divests the donor of his title, and requires a renunciation on his part of all claim and interest in the subject of the gift.

The form in which the deposit was made is entirely consistent with a desire on the part of the wife to give to her husband authority to withdraw money from the bank from time to time as she might need it, and it should not be held that she intended to part with her title thereto by reason of an ambiguous phrase, which is quite consistent with a contrary purpose. (*Matter of Ward,* 2 Redf. 251; *Orr v. McGregor,* 43 Hun, 528; *Shuttleworth v. Winter,* 55 N. Y. 624; *Marshal v. Crutwell,* L. R. 20 Eq. 328; *Beaver v. Beaver,* 117 N. Y. 421; 15 Am. St. Rep. 531; *Matter of Bolin,* 136 N. Y. 177; *Flanagan v. Nash,* 185 Pa. St. 41.) When the claim of a gift is not asserted until after the death of the alleged donor, it should be sustained by clear and satisfactory evidence of every element which is requisite to constitute a gift. (*Depuy v. Stevens,* 37 N. Y. App. Div. 293; *Whalen v. Milholland,* 89 Md. 199.)

Upon the evidence before it the superior court properly held that the title of Ellen to the moneys in the bank had not been divested at the time of her death, and that the administrator

of her estate was entitled to judgment against the bank for the recovery of these moneys.

The appellant urges, in further support of his appeal, that the bank was not authorized to make the payment of one thousand dollars to Connelly, and that the judgment in favor of the bank to that extent is erroneous. As we hold, however, that the appellant has no interest in the moneys that were deposited with the bank by Ellen, he is not in a position to question the correctness of this portion of the judgment. The administrator of the estate of Ellen has not appealed from the judgment, and, as between him and the bank, the action of the court is not open to review.

The judgment and order are affirmed.

Garoutte, J., and Van Dyke, J., concurred.