JACOB W. REED, Appellant, *v.* RAY REED, Respondent, Impleaded with the KINGS COUNTY SAVINGS INSTITUTION, Defendant.

Second Department, November 18, 1916.

Gift — deposit in savings bank by husband in name of wife — action to determine ownership of account — evidence.

Action by a husband to determine the ownership of a savings bank account deposited by him in his wife's name. Evidence examined, and *held*, to establish an intent by the plaintiff to make a gift, the delivery and acceptance thereof and the possession and control by the defendant.

RICH and CARR, JJ., dissented, with opinion.

APPEAL by the plaintiff, Jacob W. Reed, from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of Kings on the 27th day of January, 1916, dismissing the complaint upon the merits upon the decision of the court after a trial at the Kings County Special Term.

This is an action to determine the ownership of an account standing in the name of the respondent in the Kings County Savings Institution.

*William W. Taylor,* for the appellant.

*Patrick E. Callahan,* for the respondent.

STAPLETON, J.:

The ownership of a savings bank account is in dispute. A husband claims it is his. A wife claims it is hers. The learned trial court has decided in favor of the wife, and the husband appeals.

The parties married in the early part of 1889. At that time the wife had $1,000, which was used in the purchase of furniture for the home. The husband, according to the wife's statement, had but $100; according to his own statement he had $2,000. With his money, whatever the amount, he opened a tailoring business. He prospered, and property, real and personal, accumulated. The wife helped in the store and attended to her household duties and to the serious business of raising a family. In August, 1894, shortly after the birth of the second child, the husband drew a check for $1,000 and deposited it in a savings bank in his wife's name. Later there was a deposit of $2,000, a withdrawal of $2,000 and a further deposit of a like amount. So the amount now standing in the wife's name, and in dispute, is $3,000.

In the early and struggling years of their married life the pair lived harmoniously; but of later years the husband became estranged from the wife. He addressed her in type-written communications only, and then as "Mrs. Reed" or "Madam." His relations with his children were also strained.

As the culmination of this domestic estrangement the husband laid claim to the ownership of the account, took physical possession of the bank book and demanded that the wife sign an order enabling him to make withdrawals therefrom.

The claim of the husband is that, having otherwise deposited to the interest limit in the bank, he made at the suggestion of the teller the deposit in his wife's name in order that he might obtain additional interest. The reason is not convincing. If he wished to continue in control of his own funds, and at the same time be entitled to interest on all deposits, there was an easy way. In *Williams* v. *Brooklyn Savings Bank* (51 App.

Div. 332) the court say: "Inasmuch as the interest limit of this bank was $3,000, it is argued from these facts that these accounts were opened to gain interest. * * * There were other savings banks open to him. * * * The argument based upon a scheme for interest does not carry special force in any given case; for it is available in every case where the depositor's own funds in the same bank have reached the limit."

The version of the wife, which we cannot say the trial court could not believe, is that, at the time the account was opened in her name, her husband said to her: "You have done all you could for me, and, * * * I give you this for yourself." Until recently she always had possession of the bank book. At one time it was kept in a safe, of which she had the combination. At another time it was in a safe deposit box, to which she, holding a key, had access. At times she herself would take the book to the bank and collect the interest. Later, the husband, having retired from business and having more time at his disposal than she, would take the book and collect the interest for her. He would say to her: "Ray, here is your bank book. Should I get you yours also?" She would reply: "Yes, you can get my interest also." On returning from the bank he would hand her the book and interest.

On the important point of the collection and custody of the interest money, the wife was corroborated by the testimony of the two sons of the litigants.

This is not the case of a gift alleged to have been made by a person now dead. We have the evidence of the disputants, and a question of fact controls the decision. I think the respondent has established the intent to make the gift, the delivery and acceptance of the gift, and the possession and control by her of the gift.

In *Beaver* v. *Beaver* (117 N. Y. 421, 430) the court say: "It may be justly said that a deposit in a savings bank by one person, of his own money to the credit of another, is consistent with an intent on the part of the depositor to give the money to the other. But it does not, we think, of itself, *without more*, authorize an affirmative finding that the deposit was made with that intent, when the deposit was to a new account,

unaccompanied by any declaration of intention, and the depositor received at the time a passbook, the possession and presentation of which, by the rules of the bank, known to the depositor, is made the evidence of the right to draw the deposit." The "more" lacking in the cited case is present in the case now under consideration.

The learned trial court may have been unhappy in the statement, incorporated in its opinion, that the deposit of the money in the wife's name was *prima facie* a gift. The court had probably in mind the cases in line with *Williams* v. *Brooklyn Savings Bank* (*supra*), where it was held that the opening of a savings bank account by one William Williams "in trust for Owen Williams," established *prima facie* an intention on the part of William to create a trust in favor of Owen. The statement of the trial court will, however, find support in *Orr* v. *McGregor* (43 Hun, 528, 533), where it is said: "While we think that the deposit of one's own money in a savings bank to the credit of another, without any qualification expressed at the time, is of itself *prima facie* evidence of a gift to the latter of the fund deposited, an intent to the contrary may be shown, and the retention by the depositor of the deposit-book * * * is some evidence of intent not to perfect the gift at the time of making the deposit." I think the context in that case will show that the alleged gift would have been held valid had not the depositor retained the book and withheld from the alleged donee all knowledge of the deposit.

I advise an affirmance of the judgment, with costs.

JENKS, P. J., and PUTNAM, J., concurred; RICH, J., read for reversal, with whom CARR, J., concurred.

RICH, J. (dissenting):

I dissent. The money was plaintiff's own individual earnings. He says that in making the deposit he had no intention of making a gift to his wife; it was made in her name because he already had $3,000 on deposit to his credit, and acted on the advice of an officer of the bank; that the bank book was handed direct to him and thereafter remained continuously in his possession; that on January 23, 1895, five months after the initial deposit was made, without the knowledge of his wife, he

deposited $2,000 more of his own money in such account, and thereafter, and on January 2, 1897, he withdrew, without his wife's knowledge, $2,060 and used it in his business, and on March and June following he again deposited $2,000 of his own money to the credit of the same account, without her knowledge. The respondent, when testifying first upon the trial, said that her husband, the plaintiff, gave her a check for $3,000, which she personally took to the bank and deposited in her own name; that she had withdrawn no money from the account except the interest. She gave no evidence tending to show that the bank book was ever in her possession, except that she said it was kept in her husband's safe, to which both he and she had access. This does not establish a delivery, or a consummated gift because of such delivery. (*Young* v. *Young*, 80 N. Y. 422; *Jackson* v. *Twenty-third St. Railway Co.*, 88 id. 520; *Tyrrel* v. *Emigrant Industrial Sav. Bank*, 77 App. Div. 131; *Matter of Bolin*, 136 N. Y. 177; *Lehr* v. *Jones*, 74 App. Div. 54; *Matter of Van Alstyne*, 207 N. Y. 298.) The respondent does not claim that she put the book in the safe. When the bank book was shown to respondent, she insisted that the $3,000 was given her and deposited at one time, and that the book shown her was not the one evidencing the deposit to which she had testified, but later she testified that it must have been $1,000 her husband gave her first; that her recollection was that it was $3,000; that she must have made the subsequent deposits appearing in said book; that she could not recall making such deposits; that she did not receive the $2,060 withdrawn, did not recall its withdrawal and had no knowledge of the later deposits of $2,000.

The learned trial court has found as a fact that the respondent delivered to the bank the sum of $3,000 given her by her husband, which it received on deposit, but I am unable to find any probative evidence supporting the finding. The evidence as to the withdrawal of the interest is that both the plaintiff and defendant, respondent, on different occasions received it, but is conflicting as to who used it, and in this connection it is to be noted that in July, 1909, when the plaintiff was in Europe, the semi-annual interest payable on the first day of the month was not withdrawn or credited on the book until

January 17, 1910, after his return. The learned trial court says that "When the husband and wife went together to the bank and deposited the money in the wife's name, it was *prima facie* a gift and changed the legal title to the wife. It not necessary, therefore, for the husband to show that notwithstanding appearances the equitable title remained with him." In other words, that the form of the account of itself established a gift. I do not understand this to be the law of the case. There is no presumption in favor of a gift, and the burden was upon the defendant at all times to establish the essential elements of a gift by satisfactory proof. (*Beaver* v. *Beaver*, 117 N. Y. 421; 137 id. 59, 67; *Matter of Bolin*, *supra; Schneider* v. *Schneider*, *No. 1*, 122 App. Div. 774, 778; *Kelly* v. *Beers*, 194 N. Y. 49, 55; *Tompkins* v. *Leary*, 134 App. Div. 114.)

I think the respondent not only failed to sustain the burden of establishing a gift *inter vivos* within the rule declared by this court in *Tompkins* v. *Leary* (*supra*), but that the probative evidence so strongly predominates in favor of plaintiff's contention that he never intended to, and in fact never did make the gift to the respondent, that the judgment should not be permitted to stand. I shall, therefore, vote for a reversal.

CARR, J., concurred.

Judgment affirmed, with costs.