[Civ. No. 1781.  First Appellate District.—December 18, 1916.]

## HANNAH SULLIVAN, as Administratrix, etc., Respondent, v. TIMOTHY SHEA, Appellant.

ACTION ON PROMISSORY NOTE—GIFT OF INDEBTEDNESS—INTENTION OF DECEASED PAYEE—QUESTION OF FACT.—In an action brought by the administratrix of the estate of a deceased person to recover on a lost promissory note alleged to have been given for money borrowed of the deceased in his lifetime, the burden of proof is upon the defendant to establish his claim that the deceased intended to make a gift of the indebtedness to him, and it is a question of fact for the determination of the trial court as to whether the evidence offered is sufficient to overcome the presumption of the continued existence of the indebtedness.

ID.—ESSENTIALS OF GIFT INTER VIVOS.—The elements essential to constitute a valid gift are an intention to give, and the delivery, either actual or symbolical, of the thing intended to be given.

ID.—GIFT OF INDEBTEDNESS—DESTRUCTION OF EVIDENCE OF.—The destruction by the donor of the evidence of indebtedness with the intention to make a gift to the debtor is a sufficient forgiveness of the debt.

ID.—DEATH OF DONOR—PROOF OF CLAIM.—Where a claim of gift is asserted after the death of a donor, every element necessary to constitute a gift must be sustained by explicit and convincing evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   George E. Crothers, Judge.

The facts are stated in the opinion of the court.

F. J. Kierce, and Walter Christie, for Appellant.

Tobin & Tobin, for Respondent.

KERRIGAN, J.—This is an action brought by Hannah Sullivan, as administratrix of the estate of James J. Sullivan, deceased, against Timothy Shea upon a promissory note for one thousand dollars, money alleged to have been borrowed by Shea from Sullivan in his lifetime.  The complaint, alleging that the promissory note had been lost, set forth its

32 Cal. App.—24

terms, and the answer admitted the execution of the note substantially in the terms set forth.

In the year 1910 the deceased loaned to the defendant the sum of one thousand dollars, without taking therefor a note, receipt, or other evidence of the transaction. About a year later, when the decedent was about to depart for a visit to Ireland, Shea executed in his favor the note in suit. Upon Sullivan's return he took up his abode with Shea and his wife, at whose home he remained for three or four months. The relationship between him and the Sheas was close and intimate, particularly as regards Mrs. Shea, who was his niece. Before leaving for Ireland, in a conversation concerning the loan, Sullivan told Mrs. Shea he did not care whether he ever got any of the money back; that Mrs. Shea and her husband were the best friends he had, and were more entitled to the money than any of his other relatives. On another occasion, later, Mrs. Shea informed Sullivan that the money was in the bank, and offered to get it and repay the loan, but Sullivan refused to accept it, and told her that she and her husband should keep the money and use it. On still another occasion, and after Sullivan had left the Shea home and engaged in business, Shea called on him for the purpose of paying the note and interest, but Sullivan at first refused to accept any money on account of the note, but after some persuasion on the part of Shea, accepted the money offered on account of interest, but refused any portion of the principal, and moreover told Shea not to bother about the note. Six or seven months later Sullivan died, and shortly thereafter the plaintiff was appointed administratrix of his estate. She made a thorough search among the papers and effects of Sullivan without succeeding in finding any trace of the note.

The trial court found for the plaintiff, and from the judgment entered thereupon, and from an order denying his motion for a new trial, this appeal is prosecuted by the defendant.

The elements essential to constitute a valid gift are an intention to give, and the delivery, either actual or symbolical, of the thing intended to be given. Neither alone is sufficient. The rule is very clearly set forth in the case of *Jones* v. *Falls,* 101 Mo. App. 536, [73 S. W. 903], where it is said: "To constitute a valid gift *inter vivos* there must be an intention to give and a delivery to the donee, or to someone for him, of the property given. An intention of the donor to give is not

alone sufficient. The intention must be executed by a complete and unconditional delivery. Neither will a delivery be sufficient unless made with the intention to give.'' (See, also, *Beaver* v. *Beaver,* 117 N. Y. 421, [15 Am. St. Rep. 531, 6 L. R. A. 403, 22 N. E. 940]; *Knight* v. *Tripp,* 121 Cal. 678, [54 Pac. 267]; *Pullen* v. *Placer County Bank,* 138 Cal. 170, [94 Am. St. Rep. 19, 66 Pac. 740, 71 Pac. 83].) It is also settled law that the destruction by the donor of the evidence of indebtedness with the intention to make a gift to the debtor is a sufficient forgiveness of the debt. (*Darland* v. *Taylor,* 52 Iowa, 503, [35 Am. Rep. 285, 3 N. W. 510]; *Blake* v. *Kearney,* Man. Unrep. Cas. [La.] 320; *Gardner* v. *Gardner,* 22 Wend. 526, [34 Am. Dec. 340]; *Licey* v. *Licey,* 7 Pa. St. 251, [47 Am. Dec. 513]; *Denunzio* v. *Scholtz,* 117 Ky. 182, [4 Ann. Cas. 529, 77 S. W. 715].)

The burden of proving a gift is upon the donee. (*Lehr* v. *Jones,* 74 App. Div. 54, [77 N. Y. Supp. 213]; *Thomas* v. *Tilley,* 147 Ala. 189, [41 South. 854]; *Bray* v. *O'Rourke,* 89 App. Div. 400, [85 N. Y. Supp. 907].)

It is also said to be the rule that where a claim of gift is asserted after the death of a donor, every element necessary to constitute a gift must be sustained by explicit and convincing evidence. In support of this rule, in the case of *Whalen* v. *Milholland,* 89 Md. 211, [44 L. R. A. 208, 43 Atl. 50], the court said: ''Mindful of the facility with which, after the alleged donor is dead, fraudulent claims of ownership may be founded on pretended gifts of his property asserted to have been made whilst he was living, it is but a salutary precaution which demands explicit and convincing evidence of every element needed to constitute a valid donation, whether it be a donation *inter vivos* or *mortis causa.* Even then fraudulent claims may prevail, but the rigid requirement of the clearest proof will at least diminish the number.'' To the same effect see *Davis* v. *Davis,* 104 N. Y. Supp. 824; *De Puy* v. *Stevens,* 37 App. Div. 293, [55 N. Y. Supp. 810]; *Denigan* v. *Hibernia Sav. & Loan Soc.,* 127 Cal. 137, 141, [59 Pac. 389]; *Lehr* v. *Jones,* 74 App. Div. 54, [77 N. Y. Supp. 213].

In this case, the note having been shown to exist, we have on the part of the plaintiff the presumption that the obligation still exists until overcome by proof of payment, cancellation, or some stronger counter-presumption. (Lawson's Law of Presumptive Evidence, 210.) On the other hand, there was

testimony to the effect that the decedent had, on several different occasions, indicated that he intended to make a gift of the indebtedness to the defendant; and it was a question of fact to be passed on by the trial court, after consideration of this evidence coupled with the inference to be drawn from the circumstance that the note could not be found among the effects of the decedent, whether it had been destroyed by the alleged donor with the intent of forgiving the indebtedness. The burden of proof was upon the defendant to establish the gift by clear and convincing evidence, which in the opinion of the trial court, as indicated by the judgment rendered by it, he failed to do; and we cannot say upon a review of the evidence that the court's conclusion was contrary thereto.

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.