**W. K. HENDERSON IRON WORKS & SUPPLY CO. v. BLAIR, Commissioner of Internal Revenue.**

Court of Appeals of District of Columbia.

Submitted March 9, 1928. Decided April 2, 1928.

No. 4634.

1. **Internal revenue** ⊜⟹25—**In income tax dispute taxpayer corporation must show that disputed salary deductions were incurred during taxable year (Revenue Act 1918, § 234 (a) (I), Comp. St. § 6336⅛pp (a), (I).**

In determining income tax dispute burden of proof rests on taxpayer corporation to establish that salaries sought to be deducted under Revenue Act 1918, § 234 (a) (1), Comp St. § 6336⅛pp (a), (1), were incurred as obligations of corporation during taxable year.

2. **Internal revenue** ⊜⟹25—**Decision of Board of Tax Appeals on fact issue should not be reversed for difference of opinion as to weight of evidence (Revenue Act 1926, § 1003 [26 USCA § 1226]).**

Decision of Board of Tax Appeals, when based on testimony taken at trial of issue of fact, should not be reversed by appellate court because of difference of opinion as to mere weight of evidence, under Revenue Act 1926, § 1003 (26 USCA § 1226).

3. **Internal revenue** ⊜⟹25—**Income tax deductions, disallowed for 1918 because not shown to have been incurred within taxable year, held not required to be granted for year 1919 (Revenue Act 1918, § 234 (a) (I), Comp. St. § 6336⅛pp (a) (I).**

Disputed income tax deductions for salary payments, sought to be deducted under Revenue Act 1918, § 234 (a) (1), Comp. St. § 6336⅛pp (a) (1), disallowed for year 1918 on ground that taxpayer had not shown deductions were incurred during taxable year, need not be granted for year 1919, where record contained no evidence concerning salaries paid, services performed, or volume or character of business done in year 1919.

Appeal from the Board of Tax Appeals.

Proceeding before the Board of Tax Appeals by the W. K. Henderson Iron Works & Supply Company against David H. Blair, Commissioner of Internal Revenue. From a decision sustaining a deficiency determination entered by the Commissioner in respect to plaintiff's income taxes, plaintiff appeals. Affirmed.

G. E. Strong, of Washington, D. C., for appellant.

Mabel W. Willebrandt, L. L. Hight, L. W. Scott, and M. N. Fisher, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. An appeal from a decision of the Board of Tax Appeals sustaining a deficiency determination entered by the Commissioner of Internal Revenue in respect to appellant's income taxes for the year 1918. The case when begun involved various questions relating to appellant's taxes for the years 1919, 1920, and 1921; but the issue at present relates only to two deductions, each for $10,000, claimed by appellant for the salaries paid to two of its officers for the year 1918.

It appears that in 1918, and for some years before, appellant was a corporation doing a large manufacturing business. Its stock was owned almost entirely by W. K. Henderson, Sr., who was its president. W. S. Duncan was its secretary and general manager. On August 26, 1918, Mr. Henderson, Sr., died, and was succeeded as president by his son, W. K. Henderson, Jr. The deceased president received the sum of $6,666.68 for his services rendered in the year 1918 prior to the time of his death. Mr. Henderson, Jr., had been vice president of the company during his father's lifetime, but gave little attention to the business at that time, and received no salary then from the corporation. However, when he became president of the company, he devoted almost his entire time to it; and he was paid the sum of $3,833.33 for his services in the four months of 1918 succeeding his appointment. Mr. Duncan was paid the sum of $7,149.96 for his services during the entire year 1918.

It appears that at a time late in 1918, or early in 1919, Henderson and Duncan agreed that the corporation should pay each of them an increase of salary in the sum of $10,000, for services rendered in the year 1918, in addition to the sums already paid them. The corporation was practically a one-man company, and the two officers possessed authority to increase their compensation in such a manner, but it is questioned whether they actually did this before the close of the year 1918. These sums, however, were deducted by the corporation from its income tax return for 1918, as expenses paid or incurred by it in that year. The deductions were claimed under the provisions of section 234 (a) (1) of the Revenue Act of 1918 (Comp. St. § 6336⅛pp(a) (1), reading as follows, to wit:

"That in computing the net income of a corporation * * * there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. * * *"

The Commissioner disallowed the deduction, and determined a deficiency accordingly, upon the alleged ground that the salary increases were not "paid or incurred" during the taxable year 1918, but were retroactively agreed upon in the year 1919, as additions to the salaries which were actually paid or incurred in the year 1918. The Commissioner's action was sustained by the Board; hence this appeal.

The record contains certain testimony which doubtless was heard by the Board, but which is not verified either by stipulation or bill of exceptions. The appellee accordingly contends that this testimony should not be considered by us. It is not necessary for us to pass upon this contention, but we may note the fact that at the time when the record was made up the regulations governing such appeals were not clearly established.

[1, 2] The present issue is one of fact, and the burden of proof rests upon the taxpayer. In order to justify the disputed deductions, it must establish the fact that the salaries in question were incurred as obligations of the corporation during the calendar year 1918, which was also its taxable year. The only evidence introduced to prove this fact is the testimony of Mr. Henderson, Jr.; and, without discussing it in detail, we may say that his testimony was so indefinite as to justify the Board's decision against appellant. Moreover a decision of the Board of Tax Appeals, when based upon testimony taken at the trial of an issue of fact, should not be reversed by an appellate court because of a difference of opinion as to the mere weight of the evidence. Revenue Act of 1926, § 1003 (26 US CA § 1226); Avery v. Commissioner of Int. Rev. (C. C. A.) 22 F.(2d) 6; Royal Packing Co. v. Commissioner of Int. Rev. (C. C. A.) 22 F.(2d) 536.

[3] It is contended by appellant that, if the disputed deductions be disallowed for the year 1918, they should nevertheless be granted for the year 1919; but, as held by the Board, the present record contains no evidence concerning the salaries paid, the serv-

ices performed, or the volume or character of business done by the corporation in the year 1919, and therefore this contention fails.

The decision appealed from is sustained.