[Civ. No. 6549. First Appellate District, Division One.—February 1, 1929.]

MERCANTILE TRUST COMPANY OF CALIFORNIA (a Corporation), Plaintiff, v. CHARLES REAY et al., Defendants; JOSEPH W. REAY, Jr., Defendant and Respondent; DACIA B. REAY, as Administratrix, etc., Defendant and Appellant.

Dunne, Dunne & Cook for Appellant.

Marshall Nuckolls and Monroe B. Kulberg for Respondent.

NEEDHAM, J., *pro tem.*—Christiana G. Reay died in 1925, intestate, leaving three sons—Joseph W., Jr., Wallace, and Charles. At the time of her death there was on deposit in the Mercantile Trust Company of California, in the name of Joseph W. Reay, Jr., approximately $16,000. A claim to this deposit having been made to the bank by one of the heirs, that the same was property belonging to the estate of Christiana G. Reay, the bank brought a suit, making Joseph W. Reay, Jr., Wallace Reay, and Charles Reay defendants, and requiring them to interplead. An interlocutory decree was granted and the three defendants just named filed cross-complaints and answers. Charles subsequently disclaimed all right to the said sum; Wallace Reay having died during the pendency of the action, his administratrix appeared through Dacia Reay, and it was stipulated at the trial that Dacia Reay might be considered as representing the estate of Christiana G. Reay, inasmuch as the defendant Joseph W. Reay, Jr., was the administrator thereof and made claim to the money in controversy in his individual right. It was admitted that the $16,000 in controversy was what remained of a sum of $25,000 originally deposited in the savings account of Joseph W. Reay, Jr., on June 27, 1921, and was claimed by him to be a gift from his mother, Christiana.

The court found that Joseph W. Reay, Jr., had on deposit in the American Trust Company, the successor of the Mercantile Trust Company of California, the plaintiff, a sum of money amounting to $16,000 with accrued interest, and that the other defendants had made claim to said money; that Joseph W. Reay, Jr., was the owner and entitled to all of said money, together with the interest thereon, and that the defendants other than Joseph W. Reay, Jr., are without any right or claim thereto whatsoever.

The pivotal issue at the trial was whether Joseph W. Reay, Jr., had established his asserted gift to him of the deposit of June 27, 1921, which is the claim in derogation of his mother's title.

The appellant by this appeal contends that the findings in favor of the gift to the respondent of the deposit in question are against the law and the evidence, and, further, that prejudicial error was committed during the trial in rulings upon the admissibility of evidence.

The appellant in her opening brief, after making a brief statement of the facts, consisting of less than three pages, then submits what she denominated an argument consisting of two pages, nearly one-half of which argument or opening brief is occupied with lines containing citations of authorities. As a sample of appellant's argument in her opening brief we quote the following:

"He himself has characterized the transfer—not a gift, but a mere deposit; and a deposit, the entire interest on which was payable to his mother as it should accrue." (Supp., pp. 45–47.) Then citing certain authorities.

"That such must have been the case appears from respondent's sworn admissions on the stand. It is likewise demonstrated by the testimony of his own witnesses, called and examined by him." (Supp. pp. 45–47.) Then citing certain authorities, and again: "Refusal in evidence of appellant's Exhibit 'A' for identification constituted prejudicial error." (Supp., pp. 56–62.) Then citing certain authorities.

The above quotations constitute practically all of the opening brief of appellant. There was added as a supplement the pleadings, findings, judgment, and excerpts from the reporter's transcript.

The respondent in his brief in criticism of the opening brief of the appellant states: "We must, therefore, make her points for her; argue her case for her, in effect—and present our answer thereto; or in the alternative, present only our own case, irrespective of appellant's arguments, and go without the privilege of answering appellant's arguments, which, undoubtedly, would be brought forth in a vicious and defenseless attack in appellant's closing brief."

Respondent recites the cases of *Duncan* v. *Ramish*, 142 Cal. 686, at 689, 690 [76 Pac. 661], *Florence* v. *Helms*, 136 Cal. 612 [69 Pac. 429], and *Kyle* v. *Craig*, 125 Cal. 107, at 116 [59 Pac. 791], in which cases our supreme court, where appellant's brief was similar to this, refused to consider the points made.

However, as the evidence in the case is quite brief and the appellant urges only three grounds for a reversal—(1) that the findings of the court in favor of a gift are unsupported by the evidence; (2) respondent is bound by his contemporaneous written agreement concerning the deposit, and (3) the refusal in evidence of appellant's exhibit "A," we will proceed to consider the same.

The evidence shows that in March, 1921, Christiana Reay, mother of respondent, informed him in the presence of his wife that if he would start a savings account she would give him some money. The wife of Joseph borrowed ten dollars, which was deposited in the bank the same month by the respondent, and which is corroborated by respondent's passbook. Later the mother asked respondent if he had started a bank account, and he said he had, and she went with him to the bank. The bank records showed a savings account in the name of Joseph W. Reay, Jr., opened March 14, 1921, the initial deposit being the sum of ten dollars. This account was No. 303566 in the bank records. The witness, H. L. Fleming, who had charge of the savings department of the Mercantile Trust Co., the predecessor of the American Trust Company, identified, and there was also admitted in evidence, Savings Account No. 52965, being the account of Christiana G. Reay, respondent's mother, which was opened July 1, 1916, with $75,962.14 in the account, and on February 28, 1921, had grown to the sum of $108,549.02. There was also admitted in evidence Savings Account No. 303344 in the name of "Mrs. Christiana G. Reay or Joseph W. Reay, Jr.

(son)," and which had an entry "Feb. 28, 1921 Transfer from #52965, $25000.00." This last account shows that the mother had opened account No. 303344 in the name of herself and son, the respondent, and placed therein $25,000, and that amount was in their joint account when she accompanied her son to the bank. This last-numbered account (No. 303344) also has the following entry: "June 27, 1921 Transfer to 303566—$25000.00." Now account No. 303566, as will be observed, is the account of respondent opened March 14, 1921, with the initial deposit of $10. So it will be observed that the bank records fully and completely corroborate the respondent's testimony.

The respondent testified that when the transfer of the $25,000 was made to his account by the bank employees as directed by his mother, she said to him, "This is for you, Joe, now don't take it and squander that money, try and keep that $25,000 if you can." Also, "You know how hard money is to get nowadays, it will be kind of nest egg for your old age." ▇ The testimony of respondent was also corroborated by the witness Temple, who said he knew Mrs. Christiana Reay about forty years and she visited him and his wife frequently, and she told him "that she gave Joe $25,000 and had him down to the bank and give him the $25,000 there to be his account." Mrs. Temple also testified that Christiana said to her, "Joe was asking for money . . . Wallace was having so much . . . that she might as well give Joe some, and she told me she had give Joe the $25,000 he went down to the bank with her." The appellant contends that the evidence of Temple and wife should be disregarded. But the weight of this evidence was primarily for the trial court, and a careful consideration of it leads us to the conclusion that there was no error in that regard.

The gift sought to be upheld here is not a gift *causa mortis* but a gift *inter vivos*, because it occurred June 27, 1921, and the donor did not die until February, 1925. Many of the cases cited by appellant relate to gifts *causa mortis*, wherein the facts involved are easily distinguished from the case here under discussion.

▇ To make a valid gift there must be an intent on the part of the donor to make the gift, a delivery of the thing given, and an acceptance on the part of the donee. (13 Cal. Jur. 36.)

■ We think, after a careful consideration of all the evidence given before the trial court, that all the findings of the trial court find ample support in the evidence. The evidence shows that, at the time the transfer was made, the account of the donor had in it a sum of over $108,000. It shows that prior to her direction that the sum of $25,000 be transferred to the separate account of her son Joseph W. Reay, Jr., that she had transferred some time theretofore to the joint account of herself and son this identical sum. These actions by the donor furnish ample evidence of the intent of the donor to give to her son this amount of money. It would seem that there is nothing unnatural that a mother having a sum in excess of $108,000 on deposit should desire to give to a son the sum of $25,000 under such circumstances.

■ The appellant argues that a certain writing signed by the respondent and apparently given right after the deposit was transferred to his account invalidates the gift. This writing or memorandum was produced by respondent himself and reads as follows:

"I hereby give to my mother Christiana G. Reay the interest on $25,000.00 deposited in my name in the Mercantile Trust Bank, Grant Avenue, & O'Farrel Sts. interest to be paid semi-annual, Jan 1, and July 1st. Joseph W. Reay 235–4th Ave. S. F."

Respondent testified that this written memorandum was written by him at the bank after the transfer of the money was made to his account, and was given by him voluntarily to his mother. It is dated, however, June 29th, two days after the alleged gift, but the date is in ink other than the body of the memorandum. The appellant argues that as the respondent refers to the $25,000 "deposited in my name," and furthermore uses the words "I hereby agree to give my mother . . . the interest on $25,000.00." That this money was a "deposit" and not a "gift." The trial court evidently gave little consideration to this argument. It would seem that when the donor transferred the sum in question to the separate account of the donee, the mere fact that the donee agreed to pay interest upon the sum so transferred would not in any way mitigate against the holding of the trial court that it was intended as a gift. In volume 28, Corpus Juris, on page 647, it states: "Thus a donor may make a valid gift of property, reserving to himself a life interest in, or a life

income from, the property given, or dividends, or interest for life on a sum given.'' See, also, the case of *Calkins* v. *Equitable Building & Loan Assn.*, 126 Cal. 531, where the court, on page 535 [59 Pac. 30, 31], says: ''The fact that the donor reserved to himself the right to the dividends during his life did not affect the validity of the gift.'' This was a case involving a gift by transfer of stock of a corporation, and the court goes on to say: ''The donees became the owners of the stock and might have conveyed it away to a third party in the lifetime of the donor, subject to the reservations contained in the written assignment. Of course, the donor did not give away or pass title to the dividends which he had expressly reserved, but every other interest and right in the certificates and in the stock represented thereby passed to the donees.''

The testimony here, however, shows, and it was the construction of the trial court as we read the findings, that the promise of the donee to give to the donor the interest on the sum was voluntarily made by the donee. Nowhere does it appear in the evidence that this promise was exacted by the donor. The evidence of Joseph upon this subject was: ''I told my mother I would give her the interest on the money that was in the bank, she said all right.'' It would seem that this act on the part of the donee was susceptible of the construction that it was a return gift by Joseph to his mother, and it is quite evident that this finds support in the evidence.

The case at bar is not analogous to the cases of *Paddock* v. *Fonner*, 84 Cal. App. 652 [258 Pac. 423], or *Knight* v. *Tripp*, 121 Cal. 674 [54 Pac. 267], cited by appellant. In the instant case there was no agency as there were in the two cases last cited. Here there is no evidence of any instruction given by the donor to the donee as to what should be done with the money given.

The appellant contends that the court erred in refusing to receive in evidence appellant's exhibit ''A.'' This was a letter written by Norman Hurd, an attorney, dated May 19, 1920, and supposedly written at the request of the donor and complaining that Joseph had been annoying her, and also quite bitterly upbraiding the respondent for certain acts of his, which evidently met with her strong disapproval. This letter was excluded by the court on the grounds that

it was too remote, and it will be seen that the letter was written some thirteen months prior to the alleged gift. It was offered as rebuttal evidence to the gift. The letter itself is set forth in full in the record. We think there was no error in the refusal to admit this letter, as it related more to the weight of the evidence rather than to its admissibility. Conceding that the letter should have been admitted, for the sake of argument, we cannot say that a mother's irritation or disapproval of her son's acts would necessarily continue for over a year. Moreover, this assigned error, if any there was, in rejecting the evidence cannot be held to be prejudicial. It is hardly necessary to cite authorities in support of this view.

There are no other grounds requiring consideration. To sum up: The evidence shows that a mother with over $108,000 on deposit in a bank transferred at the bank to the account of her son the sum of $25,000. She lived some four years after the gift in question was made, during which period the donee had full and complete control of the money so given, and during which time the donee exercised complete dominion over the said sum, checking from the said account over $9,000. We are led irresistibly to the conclusion that the findings of the trial court are amply supported by the evidence.

We have not overlooked the decisions of our higher courts, wherein it is held that "the burden of proving a gift is upon the donee," and that "every element necessary to constitute a gift must be sustained by explicit and convincing evidence." (See *Sullivan* v. *Shea,* 32 Cal. App. 371 [162 Pac. 925], and cases cited.) We think the donee sustained this burden and furnished the elements necessary to constitute a valid gift. Therefore, this judgment should be and it is hereby affirmed.

Tyler, P. J., and Cashin, J., concurred.