## BOTCHFORD v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7651.

Circuit Court of Appeals, Ninth Circuit.

Feb. 24, 1936.

Walter E. Hettman, of San Francisco, Cal., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Harry Marselli, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

GARRECHT, Circuit Judge.

The petitioner had been vice president and general manager of the Columbia Steel Corporation (previously named Columbia Steel Company) for fourteen years prior to January, 1928. His salary had been fixed at $20,000 per year until August 1, 1927, when it was fixed at $30,000 per year. In September of 1927 he became ill, necessitating a vacation of several weeks. At the conclusion of this vacation, no noticeable improvement being apparent, he took another vacation of several weeks. Being unable to continue with his work, he tendered his resignation to the corporation in December of the same year, it being accepted on December 19, 1927. A few days later, December 23d, a special meeting of the executive committee of the board of directors of the corporation was held, at which the following resolution was adopted:

"D. H. Botchford, Remuneration:

"On motion of Director Fleishhacker, seconded by Director Drum, it was

"Resolved that the Executive Committee recommend to the Board of Directors for their approval the following settlement to be made with Mr. Botchford upon his leaving the Company.

"That Mr. Botchford's connection with the Company cease as of December 31, 1927; that an additional year's salary be credited to Mr. Botchford, there being charged against this amount the personal account of Mr. Botchford with the Company, and the remaining balance to be paid to Mr. Botchford in twelve equal monthly installments during the year 1928; and that President Grant and Director Dall be constituted a committee of two to draft appropriate resolutions covering this action, for consideration by the Board."

On January 16, 1928, the board of directors adopted the following resolution:

"Resolved: That whereas D. H. Botchford resigned as General Manager of this Corporation on December 19, 1927, after having been in the service of this Corporation and its predecessor for many years; and

"Whereas the condition of the health of said D. H. Botchford might make it difficult for him to procure immediate remunerative employment;

"Resolved: That this Corporation pay to J. D. Grant and C. G. Dall the sum of $30,000 less the amount of the personal indebtedness of said D. H. Botchford to this corporation and that said J. D. Grant and C. G. Dall shall hold the sum so paid to them for the benefit of D. H. Botchford and shall be authorized to pay over said sum to him in twelve equal installments during the calendar year 1928, or at such

916

other times or manner as said J. D. Grant and C. G. Dall shall determine."

The "personal indebtedness" of petitioner to the corporation referred to in the resolution amounted to $14,417.84. This sum was to be credited to petitioner's account and the balance of the $30,000 paid in installments. These payments were made monthly in amounts of $1,500, the final balance being $644.90, paid in December, 1928. In its income tax return for that year the company deducted the payment of $30,000 as an expense under the caption, "Compensation allowed D. H. Botchford for services to December 31, 1927, $30,000." The payment of this sum was not shown to have been submitted to the stockholders for ratification.

The petitioner did not return the $30,000 in his return for 1928. A deficiency was found by the Commissioner in the amount of $5,563.05, upon the ground that the $30,000 was additional compensation. The petitioner contends the sum was a gift.

Petitioner's brief states the question as follows: "The point of issue, therefore, is whether the $30,000, which the Board of Directors voted to be paid the petitioner was a gift, as contended by the taxpayer, or additional compensation, as claimed by the Income Tax Department, and if it is taxable compensation, whether all of said sum should be taxable to petitioner within the community property laws of the State of California, or only one-half of such sums as were paid or credited to petitioner."

The respondent asserts that the payment was not a gift, but was additional compensation; that the board found that the petitioner had not sustained the burden of establishing an intention on the part of the corporation to make a gift, and, that decision, being a question of fact, this court is limited in its inquiry as to whether or not there is any substantial evidence to support it.

■ "To make a valid gift there must be an intent on the part of the donor to make the gift, a delivery of the thing given, and an acceptance on the part of the donee. 13 Cal.Jur. 36." Mercantile Trust Co. v. Reay, 96 Cal.App. 568, 572, 274 P. 401, 403. "The elements essential to constitute a valid gift are an intention to give, and the delivery, either actual or symbolical, of the thing intended to be given. Neither alone is sufficient." Sullivan v. Shea, 32 Cal. App. 369, 370, 162 P. 925, 926. "A gift is a voluntary transfer of his property by one to another, without any consideration or compensation therefor. * * * It is an essential characteristic of a gift, however, that it be a transfer without consideration. If there is a consideration for the transaction, it is not a gift." Noel v. Parrott, 15 F.(2d) 669, 671 (C.C.A.4). The general rule is that there is no presumption in favor of a gift (Denigan v. Hibernia S. & L. Soc., 127 Cal. 137, 59 P. 389) and that the burden of proving a gift is upon the donee (Sullivan v. Shea, supra, 32 Cal.App. 369, at page 371, 162 P. 925).

■ "The doctrine that bonus payments and gratuitous 'additional compensation' for past services may constitute taxable income has been frequently recognized in decisions of the lower federal courts and of the Board of Tax Appeals." Fisher v. Commissioner, 59 F.(2d) 192, 193 (C.C.A. 2). See Noel v. Parrott, supra; Schumacher v. United States (Ct.Cl.) 55 F.(2d) 1007; Bass v. Hawley, 62 F.(2d) 721 (C. C.A.5); Levey v. Helvering, 62 App.D.C. 354, 68 F.(2d) 401.

■ The petitioner here brought before the board witnesses who were directors of the corporation at the time payment of the sum was voted, and who voted on the resolution. These witnesses testified that the payment was intended as a gift. In this, petitioner contends, the instant case is distinguishable from those cited above. However, petitioner is confronted with the fact that the executive committee's resolution is captioned "remuneration," contains the words "settlement" and "salary"; that the resolution authorizing payment recites Mr. Botchford's many years service and the condition of his health. Also before the board was the fact that the corporation claimed as a deduction "compensation allowed D. H. Botchford for services to December 31, 1927, $30,000" in its tax return. Very important, too, is the fact that directors of a corporation, as a general rule, have no power or authority to give away any of the assets of the corporation, and here the payment was not submitted to the stockholders for ratification. If the directors could not give away this sum, and the books of the corporation show that it was not given away, it must be presumed that the payment was not a gift. At any rate, there was evidence, pro and con, before the board from which it was to find the fact. "It has long been settled that determinations of fact for ordinary administrative

purposes are not subject to review." Phillips v. Commissioner, 283 U.S. 589, 600, 51 S.Ct. 608, 612, 75 L.Ed. 1289. "The determination of the Board of Tax Appeals of a pure question of fact will not be examined by this court beyond ascertaining if there is any evidence to support such finding." Helvering v. Ames, 71 F.(2d) 939, 943 (C.C.A.8). See, also, Tumwater Lumber Mills Co. v. Commissioner, 65 F.(2d) 675, 676 (C.C.A.9); Commissioner v. Crescent Leather Co., 40 F.(2d) 833, 835 (C.C.A.1). "The evidence is legally sufficient to sustain the finding if there be substantial evidence to support it, and the record as a whole does not clearly, convincingly, or even possibly, 'indisputably' require a contrary conclusion." Tracy v. Commissioner, 53 F.(2d) 575, 579 (C.C.A. 6). "Moreover a decision of the Board of Tax Appeals, when based upon testimony taken at the trial of an issue of fact, should not be reversed by an appellate court because of a difference of opinion as to the mere weight of the evidence." W. K. Henderson Iron Works & Supply Co. v. Blair, 58 App.D.C. 114, 25 F.(2d) 538, 539.

In Levey v. Helvering, supra, the corporation in computing its net income did not deduct the sums paid its officer as extra compensation, and in the resolution itself the payment was designated as a gift, and yet the Court of Appeals held the payment to be not a gift. It does not appear that the payment was ever submitted to the stockholders for ratification. In the Schumacher Case, supra, and in Noel v. Parrott, supra, the payments were submitted to the stockholders, nevertheless, those payments were held to be additional compensation by the courts.

The Circuit Court of Appeals for the Second Circuit said, in Fisher v. Commissioner, supra, 59 F.(2d) 192, at page 193:

"Whether a payment in a given case shall be deemed taxable compensation or a gift exempt from tax depends upon the intention of the parties, and particularly that of the employer, to be determined from the facts and circumstances surrounding the transaction. In the case at bar, the Holmes Company clearly indicated its intention by charging the payment upon its books to salary account and so reporting it in its tax returns. It is urged that these were the acts of subordinate officials not shown to have been authorized to so treat the payment, but surely the burden of proving their lack of authority, if such was the fact, was upon the taxpayer. Nor is there merit in the petitioner's contention that the sole stockholder approved the payment and hence presumptively intended to make a gift rather than to pay additional compensation. There was no action by the corporate stockholder; its president would have no authority by virtue of his office to give away its property."

Blair v. Rosseter, 33 F.(2d) 286 (C.C. A.9), is instantly distinguishable in that the payment there in controversy was denominated a gift by both stockholders and directors. In Lunsford v. Commissioner, 62 F.(2d) 740 (C.C.A.6), the donee was not connected in any way with the donor corporation; the donor did not report the sum as an expense in its tax return and handled the matter upon its records as a gift; neither was there any consideration, past, present, or future. In that case there was no evidence in the record that the stockholders authorized or approved the gift. That fact, however, does not change our conclusion in the case at bar.

The petitioner contends that if the payment of $30,000 is ruled to constitute taxable income, it should be divided between the husband and wife as community income. It is pointed out by the Commissioner that the prayer to the petition before the board relates only to whether or not the amount was taxable income. The contention was made for the first time before this court and was not presented before the Board of Tax Appeals which, therefore, did not have the opportunity of ruling thereon. In the circumstances, the question is not properly before this court. See Kottemann v. Commissioner, 81 F. (2d) 621, decided by this court January 27, 1936.

The decision of the Board of Tax Appeals is affirmed.