## BRAYTON v. WELCH.
### No. 670 Civil Action.

District Court, D. Massachusetts.
June 6, 1941.

Lincoln D. Brayton, of Fall River, Mass., and Donald P. Donaldson, of Waltham, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., for defendant.

FORD, District Judge.

This is an action for the recovery of income taxes in the amount of $1,588.72, paid by the plaintiff as administrator de bonis non of the estate of William L. S. Brayton, for the period April 10, 1932, to December 31, 1932.

Findings of Fact.

The facts, partly stipulated by the parties, are as follows:

William L. S. Brayton died April 10, 1932. On August 5, 1932, Mary A. Brayton, widow of Mr. Brayton, was appointed administratrix of the estate and later, on January 26, 1934, resigned. The plaintiff was appointed, qualified as, and now is, administrator de bonis non.

The decedent at the time of his death was stockholder, director, and treasurer of the Sagamore Manufacturing Company; director, treasurer, chief executive officer, and organizer of the Foster Spinning Company; and director, treasurer, chief executive officer, and supervisor of operations of the Border City Manufacturing Company, all Massachusetts corporations with offices and plants in Fall River, Massachusetts.

At the time of his death, he was receiving a salary of $22,500 a year and a commission of 2½ per cent of the net profits for each quarter from the Sagamore Manufacturing Company; $1,200 a year and an additional 2½ per cent of the net profits for each quarter from the Foster Spinning Company; and $5,000 per year from the Border City Manufacturing Company.

On April 15, 1932, the directors of the Sagamore Manufacturing Company and the Foster Spinning Company passed the following vote:

"Voted: To continue the salary of the late Treasurer until October 1, 1932."

On April 16, 1932, the board of directors of the Border City Manufacturing Company passed a vote of the following tenor:

"Voted: To continue the salary of the late Treasurer through the present quarter."

On August 5, 1932, Mary A. Brayton, the then administratrix of the decedent's estate, received checks from the three corporations mentioned, payable to the "Estate of William L. S. Brayton", representing the payments authorized by the boards of directors, as follows:

Sagamore Manufacturing Com-
pany ..................... $10,875.06
Foster Spinning Company..... 644.58
Border City Manufacturing
Company .′................ 1,140.12.

On the same date, the administratrix received three checks from the above named corporations in payment of the amounts due from Mr. Brayton's unpaid compensation from March 1, 1932, to the date of his death, April 10, 1932.

On March 11, 1933, the administratrix filed a federal income tax return for the estate for the period April 10, 1932, to December 31, 1932, and omitted from gross income return therein said amounts of $10,875.06, $644.58, and $1,140.12.

On June 21, 1935, the Commissioner of Internal Revenue made a deficiency assessment which was paid. Claim for refund was made for the proportion of the deficiency assessment that resulted as a failure of the administratrix to include in the income tax return the sums paid by the corporations to the estate. The claim was denied and this suit was brought.

In making the corporation returns for the year 1932, the payments made by the corporations named above were respectively deducted by the three corporations on their income tax returns as expenses under Costs of Goods Sold and listed under "Salaries and wages". It could be fairly inferred from the evidence that these returns were made up in this manner with

the knowledge and consent of the directors of the corporations.

One of the members of the board of directors of the three companies testified that when he voted to make the payments described he felt as a director that they (the directors) "were under a great debt and obligation. He (Brayton) had served the corporations for a great many years and that it was the proper and right thing to do, to do the right thing by him and his dependents. * * * It was a tribute to his memory and appreciation of what he had done". He also testified that there was a unanimity of action among the directors of all three corporations in passing the votes set out above. Evidence received from a director of the Foster Spinning Company and Border City Manufacturing Company and contained in a declaration of a deceased director of the Sagamore Company and Foster Spinning Company was to the same effect.

## Opinion.

The court in Old Colony Trust Company et al. v. Commissioner of Internal Revenue, 279 U.S. 716, 730, 49 S.Ct. 499, 73 L.Ed. 918, stated that a payment for services, even though voluntary, may be compensation and taxable as income.

In other words, the absence or presence of consideration in a legal sense is not the controlling factor in cases of this type. The sole question to decide is, with what intention the payments were made?

There is little doubt in my mind as to the true situation here. Directors of corporations generally cannot make a gift of corporate assets. There was no evidence in this case that the directors of these corporations had any such power or that the payments were submitted to the stockholders for ratification. Botchford v. Commissioner of Internal Revenue, 9 Cir., 81 F.2d 914, 916, 110 A.L.R. 281. All three corporations claimed these amounts as salary deductions—there was no evidence that this was done without authority—in their income tax returns. The directors, surely at this time, did not regard the payments as gifts. Botchford v. Commissioner of Internal Revenue, supra; Fisher v. Commissioner of Internal Revenue, 2 Cir., 59 F.2d 192, 193.

In the case of Levey v. Helvering, 62 App.D.C. 354, 68 F.2d 401, where the corporation in its income tax return did not deduct sums reimbursing officers for income taxes paid in salaries and characterized the payments as gifts, and where there was no evidence that payments were submitted to the stockholders for ratification, the court held the payments not to be a gift. Cf. Schumacher v. United States, Ct.Cl., 55 F.2d 1007; Noel v. Parrott, 4 Cir., 15 F.2d 669, 671.

The real intention of the directors in making the discussed payments is a question of fact determinable on all the circumstances surrounding the transaction. In the present case, the language of the vote; the failure of the directors to submit the vote to the stockholders for ratification; the confirmation of the intention to make the payments as salaries as expressed in the vote by the deductions claimed in the corporate income tax returns; and the form of the payments, i. e., to the estate of the deceased and not members of the family, point to the conclusion that the directors, in making the payments, intended them as additional payment for faithful services already performed by the deceased and which contributed so much to the success of the respective enterprises. These considerations to my mind far outweigh the testimony of the directors who testified at the trial that the payments were intended as gifts.

The plaintiff has relied strongly on the case of Bogardus v. Commissioner of Internal Revenue, 302 U.S. 34, 58 S.Ct. 61, 63, 82 L.Ed. 32. But that is not the case here. A careful reading of it will disclose an entirely different set of facts. In the Bogardus case no deduction for the payments were claimed in the income tax return of the corporation making the payments; the payments were charged to surplus accounts on the books of the corporation and not to expense; the distribution was not made to any employees of the corporation making the payments; and it was also stipulated in that case that "'said payments were not made or intended to be made * * * for any services rendered or to be rendered * * *.'" These factual differences distinguish that case clearly from the instant case.

## Conclusion of Law.

The conclusion is that the payments made by the respective corporations to the estate of the decedent were compensation for services rendered, not gifts, and, consequently, were taxable as income.

Judgment for the defendant with costs according to law.