*Decisions will be entered under Rule 50.*

ALICE M. MACFARLANE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27259. Promulgated October 9, 1952.

*Willis D. Nance, Esq.*, and *Ann Bechley, Esq.*, for the petitioner. *William Schwerdtfeger, Esq.*, for the respondent.

12

OPINION.

Harron, *Judge:* The question in this proceeding is whether the sum of $51,580 paid to petitioner by Tribune in December 1944 was compensation earned by Macfarlane in his lifetime and hence taxable pursuant to section 126(a) of the Internal Revenue Code, as contended by respondent, or a gift, as contended by petitioner, excludible from gross income under section 22(b) (3).

The question is one of fact. We have found as fact, after considering all of the evidence, that the payment was a gift. In reaching this result we follow *Louise K. Aprill*, 13 T. C. 707. Respondent has argued that the *Aprill* case is not controlling here because Tribune was legally obligated to pay Macfarlane a bonus for 1944 over and above his salary, and that the payment to petitioner was in discharge of that obligation. In view of Macfarlane's death two months before bonuses were paid for 1944, and the long standing policy of the Company to pay bonuses, if at all, only to those employees on the payroll on the date bonuses were paid, and the absence of any employment agreement, we have found as a fact that no such alleged legal obligation existed.

In finding that the payment was a gift we have looked to the intent of the payor, which is the controlling factor. *Louise K. Aprill, supra; Bogardus* v. *Commissioner*, 302 U. S. 34; *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716, 730; *Brayton* v. *Welch*, 39 F. Supp. 537. The evidence shows that Tribune, wishing to give financial assistance to petitioner because of her circumstances was advised by counsel that pursuant to I. T. 3329 the payment of $51,580 would constitute a gift to petitioner and yet be deductible from the Company's gross income as a business expense. Cf. *Louise K. Aprill, supra.* Moreover it is particularly significant that the payment was made to Macfarlane's widow rather than his estate. See *Estate of Edward Bausch*, 14 T. C. 1433, 1439, affd. 186 F. 2d 313.

*Decision will be entered under Rule 50.*