[Civ. No. 3528.  Third Appellate District.—June 28, 1928.]

ADOLPH S. MASKUNS, Appellant, v. MAGGIE MAS-
KUNS, Respondent.

Martin Forrest for Appellant.

Albert E. Sherman and Austin C. Sherman for Respondent.

THOMPSON (R. L.), J., *pro tem.*—This is an appeal from a judgment determining that an undivided one-half interest in a certain Los Angeles lot is the community property of the appellant and respondent, who are husband and wife.

These litigants intermarried January 12, 1907, and lived as husband and wife until the commencement of this action. In June, 1906, appellant contracted to purchase lot 3 of Vermont Place, in Los Angeles, for the sum of $1,400, one-half of which purchase price he paid prior to his marriage with respondent. The balance was paid

after the marriage. A deed of conveyance to this lot was executed and delivered to the appellant July 18, 1908. The appellant was a tailor by occupation, and both before and after their marriage the respondent worked in his shop for wages. Prior to their marriage the appellant possessed $600 separate funds, together with some real property. The respondent also had $160 of her own separate money which she delivered to her husband. After their marriage both spouses mingled their separate funds and community earnings in a bank account, which was carried in the appellant's name. After their marriage, upon different occasions, appellant drew upon this community fund to pay the remaining $700 upon the purchase price of the lot in question.

The appellant contends that the findings are not supported by the evidence, and that the trial court failed to adopt findings upon material issues included within the pleadings.

The court found that: " . . . The entire earnings of the husband and wife, . . . were intermingled . . . and were deposited in the bank account of the husband, . . . ; that the balance of the purchase price on said lot 3, Vermont Place, to-wit, the sum of seven hundred ($700.00) dollars, was withdrawn from the said bank account after the marriage of the parties hereto, and the balance of payments were made therefrom upon the property described in plaintiff's complaint."

This finding is in strict accordance with the evidence. It does, however, appear that with the mingled earnings of the spouses there was also deposited several hundred dollars of the appellant's separate money. But this fact does not alter the effect of the court's findings. Even if the appellant did mingle his separate funds with the community earnings of himself and wife, the identity of the separate money would be lost in the common bank account. The presumption that property acquired during marriage is community in character applies not only to property acquired by either the husband or the wife separately, but also to property acquired jointly. (5 Cal. Jur., p. 313, sec. 22; sec. 164, Civ. Code; *Jordan* v. *Fay*, 98 Cal. 264 [33 Pac. 95].) When separate and community property are commingled in such a manner that it is im-

possible to trace the funds, the character of the whole fund will be treated as community property, for the burden is upon the spouse who claims that the property is separate in its nature to affirmatively prove the assertion. (5 Cal. Jur., p. 298, sec. 16; McKay's Community Prop., p. 215, sec. 308; *Estate of Bauer*, 79 Cal. 304 [21 Pac. 759].) ■ The appellant was therefore not prejudiced by the court's failure to find that the community bank account, from which the balance of the purchase price of the lot in question was paid, also included some of his separate funds.

■ The appellant was not prejudiced by the clerical error of finding that the marriage between these parties occurred June 12, 1907, instead of January 12, 1907, which was the correct date according to the undisputed evidence. The chief issue in this case was the question as to whether the final $700 of the purchase price of the lot in question was paid after marriage from the community funds of the spouses. This question was settled by the admission of the appellant himself, who testified: "I paid $700 on lot 3, after marriage," from the common bank account.

■ Finally, it is contended that the findings are fatally defective for failure to determine the issues presented by paragraphs 2, 3, and 4 of the complaint. Paragraph 2 alleged that the appellant was the owner of the lot in question. In the court's findings, under the caption of "conclusions of law," the court decreed, " . . . The above named plaintiff is the sole owner of an undivided one-half interest in the property described in plaintiff's complaint as his sole and separate property; that the remaining one-half of said property is the community property of this plaintiff and defendant." It will thus be seen that the court correctly determined the ultimate fact presented by the issue tendered in paragraph 2 of the complaint by finding that the appellant was not the sole owner of the entire lot in question, but that the respondent owned an undivided one-half community interest therein. (*Vieux* v. *Vieux*, 80 Cal. App. 222 [251 Pac. 640].) ■ A finding of fact loses none of its force merely because it has been inadvertently included among the conclusions of law. (*Estate of Forrester*, 162 Cal. 493, 495 [123 Pac. 283].)

Moreover, when findings fully support the judgment, as they certainly do in the present case, the judgment will not be disturbed merely for failure to directly pass upon some particular issue, when the ultimate fact therein contained is necessarily determined by the general findings. (24 Cal. Jur., p. 974, sec. 207, and cases cited.) Nor may it be said that if the foregoing findings that the appellant is not the sole owner of the lot in question, and that, upon the contrary, the respondent is the owner of an undivided one-half in community with the appellant, there then remains no sufficient declaration of the court's conclusions of law. It has been held that the judgment of the court may be sufficiently announced as its conclusions of law, where it is evident that specific conclusions of law, if drawn, must necessarily have been in favor of the prevailing party. Their omission will not then necessitate the reversal of a judgment. (24 Cal. Jur., p. 1002, sec. 222, and cases cited.)

Paragraphs 3 and 4 of the complaint, upon the issues of which it is claimed specific findings were omitted, allege that the respondent claims some interest in the property in question, but that her claim is without merit, and, further, that the appellant purchased the property before their marriage, with his own separate funds. These allegations are merely the formal allegations of an ordinary suit to quiet title, and in effect were specifically refuted and fully covered by the court's finding number IV first above quoted.

It must be conceded that the findings were carelessly prepared and might have been more specific, but we are of the opinion that the ultimate fact of the ownership of the lot in question, together with the relative interests of the respective parties therein, having been adequately found, are sufficient to support the judgment. In the case of *Daly* v. *Sorocco,* 80 Cal. 367 [22 Pac. 211], which was an attack upon a judgment for the omission of findings in an appeal from a suit to quiet title, the court said:

" . . . his (appellant's) right to maintain the action was based wholly on his ownership and right of possession, and these being found against him, it was immaterial to him whether the court found as to the other facts, or not,

as the judgment must have been against him, whatever the other findings might have been."

The judgment is, therefore, affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 27, 1928.

All the Justices present concurred.