[Sac. No. 4237. In Bank.—July 21, 1930.]

MYRTLE FOUNTAIN, as Administratrix, etc., Appellant, v. M. S. MAXIM, Respondent.

The facts are stated in the opinion of the court.

Edward Bickmore, Albert L. Johnson and John Outcalt for Appellant.

Dennett & Zion for Respondent.

THE COURT.—Myrtle Fountain, as administratrix of the estate of her deceased mother, brought this action against her father, the defendant and respondent herein, to quiet title to certain real property. Judgment was entered for the defendant, and plaintiff appeals. It is conceded that the record title to the land stands in the name of the defendant, but appellant claims that the land was the separate property of her mother. If the property was community property, in the absence of testamentary disposition appellant herein has no right, title or interest therein. (Civ. Code, sec. 1401.) No such disposition was made in this case.

The history of the property in question is substantially without conflict. The court found that respondent Maxim and Jane E. Musser, appellant's intestate, "were married in Iowa in July, 1891, where they resided until 1911. . . . At the time of marriage defendant had about $250.00. That during said period said Jane Maxim inherited twenty-five acres from her father, Musser, and shortly thereafter she

and defendant purchased about twenty-four acres from the other heirs of Musser, and mortgaged all of the premises to secure funds to pay for the purchased land. That property was accumulated during said years by efforts of the said defendant and wife, and in 1911 the property was sold, the debts paid, and balance of the proceeds placed in the hands of the defendant with the consent and at the request of the said Jane Maxim. The defendant and his wife, Jane Maxim, then moved to another part of Iowa, where equipment was purchased and farms were leased and operated by the defendant. That in 1913 the defendant sold all the property and came to California. That upon arrival in California said defendant purchased'' the land in Stanislaus County which is the subject of this action, ''and paid thereon the sum of six thousand and no/100 ($6,000.00) dollars out of the proceeds of the property in Iowa. That said property was conveyed to said M. S. Maxim, defendant. That the said defendant and his wife, Jane Maxim, occupied the premises until 1920 when said Jane Maxim died. That the community property of the parties in Iowa was so pooled and mixed with the separate property of the defendant and of his wife that the court cannot distinguish any part of the same in the ranch herein described, and that said defendant and Jane Maxim intended and desired and considered said property to be community property *in toto.*'' As conclusions of law from these facts, which are fully supported by the evidence, the court decided that the property described in the complaint was, before the death of plaintiff's intestate, the community property of the defendant and Jane Maxim, and was, at the time of filing the action, the separate property of the defendant.

Appellant's contention as to the law when improvements on the separate property are made by the husband, and when a husband takes the separate property of the wife and manages and controls it, is sound. (*Title Ins. & Trust Co.* v. *Ingersoll,* 153 Cal. 1 [94 Pac. 94]; Id., 158 Cal. 474 [111 Pac. 360].) ■ It may also be conceded that personal property acquired in another state under circumstances which make it the separate property of the wife, when brought into this state remains her separate property. (*Estate of Drishaus,* 199 Cal. 369 [249 Pac. 515].) But the property here in question, having been acquired during

coverture, and taken in the name of the husband, is presumed, under section 164 of the Civil Code, to be community property; and, unless the presumption is successfully controverted by other evidence, the court is bound to find according to the presumption. (*Freese* v. *Hibernia S. & L. Soc.*, 139 Cal. 392, 395 [73 Pac. 172]; *Simonton* v. *Los Angeles T. & S. Bank*, 205 Cal. 252, 258 [270 Pac. 672].)

It has also long been the rule in this state that where separate and community property are so commingled that it is impossible to trace the funds, the whole will be treated as community property, upon the principle that the burden is upon the party claiming property is separate property to establish its character as such. (5 Cal. Jur. 298, sec. 16.)

Appellant has failed utterly to rebut the presumptions herein involved, to say nothing of the positive evidence which tends very strongly to show an intent on the part of the wife to treat the entire property as community property.

The judgment appealed from is affirmed.