[Civ. No. 8114.   First Appellate District, Division Two.—December 19, 1931.]

In the Matter of the Estate of MARIA ROSE COELHO, Deceased. W. J. AZEVEDO et al., Appellants, v. ALFRED MARSHALL, Administrator, etc., Respondent.

Dennett & Zion for Appellants.

P. R. Lund and Geo. E. Kelly for Respondent.

NOURSE, P. J.—Two appeals are taken on the same type-written transcripts—the first from a decree of settlement of final account and of distribution; the second, from an order denying a retrial of the issues.

Manuel Rose Coelho and Maria Rose Coelho were husband and wife. In 1911 they sold a ranch in Alameda County owned by them and purchased the home property involved in the decree as tenants in common. At about the same time Maria opened a bank account in her name with a deposit of $100. Other deposits were apparently made in this account, but, as to them, the record is silent until the year 1916 when she withdrew $2,000 which she loaned on a promissory note, secured by a mortgage, to Caleira and others. Interest on this note was deposited to the same account until the year 1926 when the note was paid to her administrator and the proceeds deposited to the same account. In the year 1921 Maria died intestate leaving,

besides her surviving spouse, the relatives who join in this appeal. Following the death of Maria, Manuel married Christina Coelho and died in the year 1923 leaving a will wherein he named his surviving wife as residuary legatee.

Upon the settlement of the final account it was found that the sum in the bank deposit, including the proceeds of the promissory note, amounted to $6,366.32. In the decree this entire sum was found to be the community property of Manuel and Maria Coelho, and, as such, was distributed to the estate of Manuel. The real property was found to be separate property of the two—each owning an undivided one-half interest therein as tenants in common. The heirs of Maria were awarded their respective shares of the realty and, from this portion of the decree, no appeal has been taken.

Though several points are argued on the main appeal, the real point at issue is the sufficiency of the evidence to support the finding that the cash in bank was community property. Respondent rested upon the well-settled presumption that all property other than that mentioned in sections 162 and 163 of the Civil Code was community property within the terms of section 164 of the Civil Code, as it read during the period in question. (*Fennell* v. *Drinkhouse,* 131 Cal. 447, 451 [82 Am. St. Rep. 361, 63 Pac. 734]; *Stafford* v. *Martinoni,* 192 Cal. 724, 734 [221 Pac. 919], and cases there cited.) To rebut the presumption the appellants offered the testimony of a witness that, in the year 1911, after the parties had sold their Alameda ranch, he had heard them say that, after they had purchased the new home property "they divied up the money between husband and wife". Other circumstances are referred to in the appellants' briefs as being suspicious, and tainted with fraud, but these "suspicions" appear in the mind of counsel only. There is no evidence in the record which gives them any probative value.

The presumption of the community interest in the property can be overcome only by clear and satisfactory proof to the contrary. (*Estate of Rolls,* 193 Cal. 594, 597 [226 Pac. 608]; *Estate of Jolly,* 196 Cal. 547, 553 [238 Pac. 353]; *Fountain* v. *Maxim,* 210 Cal. 48, 51 [290 Pac. 576].) Such presumption is evidence which, when con-

troverted, raises an issue of fact the determination of which by the trier of the facts is conclusive upon the appellate courts as in other cases. (*Simonton* v. *Los Angeles Trust & Sav. Bank,* 205 Cal. 252, 258 [270 Pac. 672].)

■ Here the evidence tending to rebut the presumption was so weak and improbable that a finding adverse to the presumption would have been without substantial support.

■ Appellants' second point seems to be. that, because, in the proceedings under section 1664 of the Code of Civil Procedure, to determine heirship to the estate of Maria, the probate court found the heirs to be the husband and the appellants herein, the court must therefore "negatively" have found that the property was the separate property of Maria, because otherwise, the husband could not have been an heir. The point is not well taken. It is conceded that certain real property was involved which was found to be separate property and to which the husband was admittedly an heir. If this term should have been used inadvertently in reference to the personal property such inadvertence could have no force in view of the positive finding that the personalty was community property. Under the express provisions of section 1401 of the Civil Code as they read at the time of Maria's death all community property (the cash in bank) went directly to her husband, Manuel. As to this portion of her estate the proceedings to declare heirship were not applicable. As Maria held an undivided one-half of the realty as her separate property these proceedings were necessary. In reference to that interest alone the husband was an heir entitled to one-half of his wife's undivided one-half interest as heir, which, of course, was one-quarter of the whole.

■ We find no error in the order denying the motion for a retrial, which motion was based upon the ground of newly discovered evidence. This "evidence" was in the statement of a party that he overheard a conversation between Manuel and Maria in which Manuel said they had divided the proceeds of the ranch sale back in 1911 and that each had taken $6,000 as his respective share. This testimony if given could have had little, if any, probative value in view of the circumstances which were conceded. If Maria had received that sum it is too plain for argument

that she did not deposit it in the bank and that it could not have been the property involved in these proceedings.

The decree and order are affirmed.

Sturtevant, J., and Spence, J., concurred.