[Civ. No. 8859. First Appellate District, Division One.—January 6, 1933.]

In the Matter of the Estate of ANNIE DONOHOE, Deceased. JAMES R. BOYLE et al., Respondents, v. PETER DONOHOE et al., Appellants.

 

 ██

William M. Stafford and Carey Van Fleet for Appellants.

Tinning & DeLap for Respondents.

JAMISON, J., *pro tem.* — Appellants are the heirs of Thomas Donohoe, deceased, and respondents are the heirs of Annie Donohoe, deceased. Thomas and Annie Donohoe were married on October 29, 1881, and continued to live together as husband and wife until May 21, 1924, when Thomas Donohoe died intestate. No administration upon his estate was ever had. Annie Donohoe died intestate on April 22, 1929. An administration was had upon her estate which resulted in the present contest.

The administrator filed his account showing that said estate was ready for distribution. Thereupon the heirs of Annie Donohoe filed their petition to have said estate distributed to them, alleging that the whole of said estate was the separate property of Annie Donohoe. The heirs of Thomas Donohoe also filed a petition setting forth that the whole of said estate, except a small piece of real estate which they concede was the separate property of Annie Donohoe, was the community property of said spouses, and asking that distribution of one-half of said community property be made to them.

The trial court rendered a judgment in favor of respondents, holding that the whole of said estate was the separate property of Annie Donohoe, and from this judgment appellants have appealed.

The only question for determination on this appeal is whether or not the estate of Annie Donohoe was her separate property or was the community property of herself and her husband. It appears that some time between the years 1881 and 1887, the record does not disclose just when, the Donohoes took up their residence at Hegewisch, Illinois, and that they continued to reside there until 1903. In 1905 they came to California, stopping first in San Jose, and in

1907 located in Richmond, where they lived until their respective deaths.

Respondents produced three witnesses, one of whom, George Lee, testified that he is the administrator of Annie Donohoe's estate; that he became acquainted with the Donohoes in 1907; that he was then assistant cashier of the Bank of Richmond; that he did business for Annie Donohoe, but none for Thomas; that Thomas Donohoe was sickly and did no work. The Donohoes had a small place in Richmond upon which chickens were raised. In addition to this Annie Donohoe loaned money. She sold the chicken ranch and bought another place. Both of these places stood in her name. The loans were all made in her name. When witnesses suggested to Thomas that someone wanted a loan, he replied that the matter would have to be taken up with his wife, that it was all hers. At one time witness asked him if he had his affairs all fixed up and he answered that it was all hers. Witness stated that on one occasion when they were both in the bank and he asked Annie Donohoe if she wanted her husband's name on the loan papers, her husband spoke up and said that it all belonged to his wife.

James M. Jones testified that he was acquainted with Thomas and Annie Donohoe, knew them while they lived in Hegewisch, Illinois, over a period of sixteen years; visited with them. When he first became acquainted with them the wife was operating a rooming-house and the husband worked as a bricklayer. They then owned a two-story building, and they bought three or four cottages adjoining the two-story building. They sold this property for $6,600 before coming to California. Witness came to Richmond, California, in 1903 and in 1907 the Donohoes came there. He says that he frequently visited them. Thomas Donohoe stated to witness several times that his wife had inherited some land near the town of Hammond, Indiana; that Thomas Donohoe made statements on a number of occasions that the property all belonged to his wife. He said that when people asked him to loan them money he informed them that he had nothing and for them to see his wife about it. Witness further testified that the land Annie Donohoe inherited at Hammond, Indiana, was the home place of her folks; that it consisted of either forty acres or twenty acres;

he was informed that an offer of $625 an acre was made for the place. Whether or not it was sold he could not say.

Mrs. Arretta Jones testified that she was the wife of James M. Jones; that she knew the Donohoes while they lived at Hegewisch, Illinois, and after they came to California; that they were neighbors and visited each other often. Thomas Donohoe told her that the money with which they purchased the Hegewisch property came from the Hammond, Indiana, land which Annie had inherited from her parents. He always claimed that all of the property belonged to his wife.

The assets of the estate of Annie Donohoe ordered to be distributed to her heirs amount to the sum of $12,474.55, of which $5,234.55 is cash, $7,000 promissory notes secured by deeds of trust and $240 unsecured promissory notes, all of said notes and deeds of trust standing in the name of Annie Donohoe, and all of the deposits in the bank standing at all times in her name.

For their claim that the assets of the estate of Annie Donohoe are community property, appellants rely upon the presumption created by section 164 of the Civil Code. Sections 162 and 163 of said code provide that all property owned by the wife or husband before marriage and that acquired afterward by gift, bequest, devise or descent, with the rents, issues and profits thereof, is her or his separate property. All other property acquired after marriage by either husband or wife, or both, is community property. (Sec. 164, Civ. Code.)

In *Estate of Jolly*, 196 Cal. 547 [238 Pac. 353, 355], the court said: " 'The disputable presumption raised by section 164 of the Civil Code is a form of evidence under the express terms of section 1957 of the Code of Civil Procedure. It may be controverted by other evidence, direct or indirect, but unless so controverted the court or jury is bound to find according to the presumption.' (*Stafford* v. *Martinoni*, 192 Cal. 724 [221 Pac. 919].)"

It has been frequently held that the presumption that the property acquired after marriage is community property can be overcome only by the production of clear and satisfactory proof that the property in question was the separate property of the wife. (*Estate of Jolly, supra; Estate of Rolls*, 193 Cal. 594 [226 Pac. 608].)

In *Freese* v. *Hibernia Sav. etc. Soc.*, 139 Cal. 392 [73 Pac. 172, 173], speaking of the presumption created by said section 164, the court said: "We are of the opinion that it is incumbent on the party seeking to overcome the presumption of community property to do no more than produce such legal evidence as, *under all the circumstances of the particular case,* would ordinarily produce conviction in an unprejudiced mind, and that in the face of such evidence, the naked presumption, unsupported by any testimony, must fall." (*Estate of Pepper,* 158 Cal. 619 [112 Pac. 62, 31 L. R. A. (N. S.) 1092].)

"The sufficiency of the evidence to establish a given fact, even where the law requires proof of the fact to be clear and convincing, is primarily [as in other cases] a question for the trial court . . . , and if there be substantial evidence to support the conclusion reached below, the finding is not open to review on appeal." (*Steinberger* v. *Young,* 175 Cal. 81, 84 [165 Pac. 432, 434] ; *Couts* v. *Winston,* 153 Cal. 686 [96 Pac. 357] ; *Estate of Coelho,* 119 Cal. App. 312 [6 Pac. (2d) 342].)

Therefore the question for determination on this appeal is whether or not there is substantial evidence to support the judgment of the trial court, holding that the property in controversy was the separate property of Annie Donohoe. The undisputed evidence is to the effect that Annie Donohoe inherited from her parents their home place located at Hammond, Indiana; that the money with which the Donohoes purchased the Hegewisch property came from the property that Annie Donohoe inherited from her parents; that on many occasions from the year 1887 until his death in 1924 Thomas Donohoe stated that all of the property of which they were possessed belonged to his wife; that he was failing in health when they came to California, and was unable to work and did no work from that time until his death; that his wife transacted all business and took all deeds, notes and mortgages in her name alone, and that all deposits of money in the bank were made in her name; that there is no evidence that Thomas Donohoe was possessed of any means; that during the sixteen years they lived in Hegewisch he followed the trade of a bricklayer, but only engaged in working at that trade at intervals, and there is no evidence that he ever engaged

in any other occupation. There was also evidence that the home place inherited by Annie Donohoe was of considerable value. It consisted of from twenty to forty acres, and at one time Annie was offered $625 an acre for it. When it was sold, and for what amount, is not disclosed further than by the testimony of Mrs. Jones, who stated that Thomas Donohoe told her the Hegewisch property was bought with money that came from his wife's inheritance of her parents' home place.

Appellants rely largely upon the case of *Estate of Jolly, supra,* for support of their contention that the assets of Annie Donohoe's estate are community property. An examination of the facts of that case will show that they differ materially from the facts proved in the instant case. In that case there was no evidence that the wife ever acquired any property by gift, bequest, devise or succession, or that she ever owned or possessed any separate estate, or at any time engaged in any business or occupation of any kind except to perform her household duties. Under these circumstances the court could not do otherwise than hold that the presumption, that the property was community property, was not controverted by any substantial evidence.

In the case now under consideration we are of the opinion there is substantial evidence that the property listed as the assets of the estate of Annie Donohoe is her separate property. Such being the case, the judgment of the trial court, under the decisions heretofore cited in this opinion, is binding on this court. We consider it unnecessary to pass upon the point raised by respondents that there was a gift of the community interest of Thomas Donohoe to his wife.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.