[Civ. No. 11594.   Second Appellate District, Division Two.—October 18, 1937.]

In the Matter of the Estate of TIMOTHY L. WOODS, etc., Deceased.   HAROLD D. SUMMERS, as Administrator, etc., Appellant, v. HATTIE E. WOODS, Respondent.

Samuel R. Davis, Franklin P. Bull and George F. Talbot for Appellant.

Pease and Dolley, Roy P. Dolley and Adolph H. Levy for Respondent.

WOOD, J.—This is an appeal from an order by which the superior court determined that certain parts of the estate of Timothy L. Woods, deceased, was community property. The appeal is upon the judgment roll alone.

Timothy L. Woods and Hattie E. Woods were married in the year 1908 in the state of Oklahoma and two daughters were born to them. One of the daughters, Reverdia Lee Woods, who was born on March 23, 1910, was married to Harold D. Summers on March 6, 1933. She died on July 11, 1935, leaving surviving her as her heirs at law her husband and a son. Harold D. Summers was appointed administrator of her estate and as such is the contestant and appellant herein. On August 27, 1917, Timothy L. Woods made his will by which he left all of his estate to his wife. No mention of Reverdia Lee Woods was made in the will. The other daughter was born after the execution of the will. Hattie E. Woods was appointed administratrix with the will annexed. For a number of years Mrs. Woods made no accounting to the court and on November 26, 1935, she filed a petition for distribution to which the appellant filed objections. The court determined that some of the property left by the decedent was community property and that some of it was separate property. As to the separate property, it was ordered that the administratrix file an accounting and that she file a petition for distribution thereof in accordance with section 221 of the Probate Code. The community property was ordered distributed to Hattie E. Woods and the appeal is taken from the order distributing the community property.

From the findings it appears that Mr. and Mrs. Woods acquired considerable property while residing in Oklahoma; that they conducted a store and acquired both business and ranch property in that state. In March, 1921, they moved to California. It is conceded that under the laws of Oklahoma all of the property acquired in that state was the separate property of the decedent and that when this property or its proceeds was brought to California it remained his separate property.

The most important property affected by the appeal appears to be that known as the Central Avenue property. The facts concerning this property are essentially the same as the facts concerning other properties decided to be community property. A statement of the facts concerning the Central Avenue property is sufficient for the purposes of appeal.

About a year before moving to California, while on a visit, the decedent purchased the Central Avenue property for the sum of $40,000, paying $15,000 cash and giving a mortgage executed by himself and wife to secure their notes for the sum of $25,000. In August, 1921, the mortgage was refinanced by a loan of $20,000 from the California Bank in return for which the parties gave their deed of trust on the property to secure payments of several notes payable at future dates. This deed of trust was released in February, 1927. During this period two separate bank accounts were maintained. Upon his arrival in California Mr. Woods entered into a general real estate, insurance and brokerage business and as a result of his work he earned substantial sums of money, the exact amount of which could not be determined from the evidence, but the earnings were in excess of his needs in maintaining his family. Into the same bank accounts were placed proceeds from the sale of Oklahoma property, income from properties purchased in California, income from the proceeds of sales of properties purchased in joint tenancy in California in the names of Mr. and Mrs. Woods, and also the earnings of Mr. Woods after he came to California. Out of the bank accounts there were paid sums to release the mortgage and deed of trust on the property in question, the cost of erecting a two-story office and garage building thereon, ''the price of all properties acquired in the name of decedent after the parties came to

California, all taxes, expenses of upkeep and repair on said property, the living expenses of the parties, and the expenses of the decedent's real estate, insurance and brokerage business''. The court further found that as a result of these transactions ''the funds thus acquired in Oklahoma have been so commingled, mixed and confused with other funds acquired as community property in California that it is impossible for the court to identify or determine which portion thereof is funds brought here from Oklahoma and which part thereof constitutes the earnings and other moneys acquired by Timothy L. Woods and Hattie E. Woods in California as community funds; and such moneys originating in Oklahoma as have passed through said accounts over said period of time cannot be traced or distinguished from other funds acquired by said parties while residing in California as the result of the earnings of Timothy L. Woods and the work and efforts of said parties in California''.

Under the heading, conclusions of law, the following appears: ''That an order should be rendered in this cause adjudging and declaring that the following described properties were, at the time of the death of Timothy L. Woods, the community property of Timothy L. Woods and Hattie E. Woods, his wife (enumerating the parcels).'' This statement should have been placed among the findings of fact. It is said in *Estate of Hill,* 167 Cal. 59, 63 [138 Pac. 690, 692]: ''But an allegation or finding that a person is the owner of certain property is none the less an allegation or finding of an ultimate fact. (*Smith* v. *Acker,* 52 Cal. 217; *Murphy* v. *Bennett,* 68 Cal. 528 [9 Pac. 738]; *Gill* v. *Driver,* 90 Cal. 72 [27 Pac. 64].) And the same considerations apply to an averment or finding that certain property owned by a married person is separate or community property. The evidence from which this ultimate fact is determined is not to be set forth in a pleading nor need it be found by the court.'' In *Maskuns* v. *Maskuns,* 93 Cal. App. 27 [268 Pac. 1093], it was held that the trial court determined an ultimate fact when among the conclusions of law it decreed ''that the remaining one-half of said property is the community property of this plaintiff and defendant''. It was pointed out that ''a finding of fact loses none of its force merely because it has been inadvertently included among the conclusions of law''. (*Matter of Forrester,* 162 Cal. 493 [123

Pac. 283].) In the case before us it was the duty of the court to determine whether the property in question was separate property or community property and it is manifest that the court in making such determination was making the finding that the property subject to the appeal was in fact community property.

█ Since the appeal is on the judgment roll alone the findings are conclusively presumed to be supported by the evidence; they are to receive, if possible, such a construction as will uphold rather than defeat the order of the court; they must be liberally construed and any ambiguity or inconsistency must be resolved in favor of sustaining the order. On such an appeal every presumption and intendment is resolved in favor of the regularity of the proceedings in the trial court. The order of the court will not be reversed except for some fatal error appearing on the face of the judgment roll. (*Chow* v. *City of Santa Barbara,* 217 Cal. 673 [22 Pac. (2d) 5].) █ The trial court expressly found that the parties owned property in joint tenancy in California which was sold and the proceeds placed in the bank account; that the decedent earned substantial sums in his business in California; that these sums were placed in the bank account from which were taken funds to erect the office building and release the mortgage and trust deed; that into the bank account ''he also deposited sums from community properties''; that all these funds were so commingled that it was impossible for the court to identify or determine what part was separate property and what part was community property. The rule is well stated in *Fountain* v. *Maxim,* 210 Cal. 48, 51 [290 Pac. 576, 577] : ''It has also long been the rule in this state that where separate and community property are so commingled that it is impossible to trace the funds, the whole will be treated as community property, upon the principle that the burden is upon the party claiming property is separate property to establish its character as such.'' The findings made by the trial court are sufficient to uphold the order for distribution.

The order is affirmed.

Crail, P. J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 10, 1937, and

an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 16, 1937. Edmonds, J., and Houser, J., voted for a hearing.