[Civ. No. 14575. Second Dist., Div. Two. Dec. 21, 1944.]

Estate of CHARLES H. ROBERTS, Deceased. ELIZABETH CLARE ROBERTS as Executrix, etc. et al., Appellants, v. ETHEL E. STIEBEL as Executrix, etc. et al., Respondents.

Chase, Barnes & Chase for Appellants.

Frank Rouse and Potter & Potter for Respondents.

McCOMB, J.—This is an appeal from an order allowing respondents $2,500 as extraordinary fees as attorneys for one of two coexecutrices of the Estate of Charles H. Roberts, deceased. The appeal is prosecuted by Elizabeth Clare Roberts, the other coexecutrix, and certain heirs.

Appellants filed a notice to prepare a reporter's transcript of the oral proceedings pursuant to rule 4, Rules on Appeal, and gave notice to prepare a clerk's transcript designating the papers filed with the clerk pursuant to rule 5, Rules on Appeal. The clerk's transcript was prepared and filed but the reporter's transcript was not prepared and filed because appellants made no arrangements with the reporter for such preparation and notified the reporter that they did not intend to have a reporter's transcript prepared. A stipulation was entered into by the parties that the transcript in another appeal involving the same estate and the same parties, Second Civil No. 14574, could be used by either party on the present appeal. However, the transcript in Second Civil No. 14574, has no application to the present appeal, therefore the instant appeal is upon the judgment roll alone and governed by the rules applicable in such a case.

Appellants urge that the order should be reversed because there is not any substantial evidence to sustain the trial court's finding that respondents *"have performed extraordinary services for and on behalf of the estate of Charles H. Roberts, deceased, as alleged in said petition and which were for the benefit of said estate, which are of the reasonable value of Twenty-Five Hundred ($2500.00) Dollars and are properly chargeable to and out of the principal of said estate,*

*and are payable out of any assets of said estate in the hands of said executrices."*

This proposition is without merit and is governed by the established law in California that where an appeal is on the judgment roll alone the findings will be *conclusively* presumed to be supported by the evidence. (*Estate of Mautner,* 38 Cal.App.2d 521, 522 [101 P.2d 520]; *Estate of Woods,* 23 Cal.App.2d 187, 191 [72 P.2d 258].)

Applying the foregoing rules to the facts of the instant case, since the appeal is on the judgment roll alone the finding above set forth is conclusively presumed to be supported by the evidence, and as no errors appear on the judgment roll the order must be affirmed.

The order appealed from is affirmed, respondents to recover their costs on appeal.

Moore, P. J., and Wood (W. J.), J., concurred.

A petition for a rehearing was denied January 12, 1945.