[Civ. No. 20062.   Second Dist., Div. One.   July 6, 1954.]

THE PEOPLE, Respondent, v. ONE 1949 CADILLAC 4-DOOR SEDAN, ENGINE NO. 496239803, Defendant; CALIFORNIA CAR COMPANY (a Corporation), Appellant.

Ralph Sadler Rosen for Appellant.

Edmund G. Brown, Attorney General, and Delbert E. Wong, Deputy Attorney General, for Respondent.

DRAPEAU, J.—On August 5, 1952, Jewell Chambers appeared at the used car lot of California Car Company. She said she wanted to buy an automobile. She looked over the

cars on the lot, and decided she would buy a 1949 Cadillac sedan. California Car Company was the registered and legal owner of the car.

The purchase price and monthly payments were agreed upon. The down payment was to be $800. Jewell Chambers said she had only $600 with her. California Car Company prepared a conditional sales contract, which was signed by both parties.

But Jewell Chambers did not give or use her right name. She said her name was Jackie Scott, and she signed that name as purchaser in the contract. She paid California Car Company $600, and was permitted to drive the automobile away. In the evening of that day a man who said he was her husband appeared at California Car Company's lot, and signed the contract, using the name Henry Scott.

On August 7th one of California Car Company's employees started looking for the Cadillac. He went to the address given by Jewell Chambers, but was told that Jackie Scott didn't live there. Then he tried to find the Imperial Rubber Company at the address where Jewell Chambers said her husband worked. But there was no such company and no such place.

On the same day, August 7th, Jewell Chambers was arrested, transporting ten bindles of heroin in the Cadillac.

In accordance with the provisions of the Health and Safety Code, the attorney general began proceedings to forfeit the automobile to the state. California Car Company appeared as claimant, contested the proceedings, and now appeals from a judgment of the superior court forfeiting title.

California Car Company make no defense that a reasonable, or any, investigation of the purchaser was made. They base their defense solely upon the assertion that Jewell Chambers was not driving the automobile with their express or implied knowledge, permission, or consent. They say that it was agreed that the buyer could have the car to try it out, provided she returned it the next morning, and that it was the understanding of the parties that the sale would not be consummated until the balance of $200 was paid.

California Car Company argue, (a) that Jewell Chambers obtained possession of the car under false pretenses, and in violation of Penal Code, section 484; that, as a matter of law, she never was in lawful possession of the car; (b) assuming that she gained possession of the car lawfully, her possession became unlawful when she did not return it the following

day; and (c) that the trial court failed to find on the issues raised by their defense.

On the trial Jewell Chambers testified that she signed the name Jackie Scott, (who was her mother) "so in case we were arrested for narcotics, I might not lose the car."

The evidence is in conflict as to when the $200 was to be paid. It was testified that Jewell Chambers was to pay the money the next day, and, to the contrary, that she was to pay it at $50 per week.

The evidence is also in conflict as to whether or not Jewell Chambers was to bring the car back the next day. She testified that she was not told to bring it back the next day; but that she did bring it back the next morning because she was having difficulty in starting it; and that she was then told to keep on driving it so that the battery would recharge itself.

The facts stated support the finding that Jewell Chambers was in possession of the vehicle with the consent of California Car Company. And there is a specific finding to that effect. It makes no difference that that finding is denominated a conclusion of law. (*Maskuns* v. *Maskuns,* 93 Cal.App. 27 [268 P. 1093]; *Gossman* v. *Gossman,* 52 Cal. App.2d 184 [126 P.2d 178].) Thus every contention and argument of California Car Company is refuted.

The law of California emphasizes the fact that forfeiture must result when there is an entrustment of a vehicle by an owner to another who uses it for the illegal purpose of transporting narcotics. In such cases the owner surrenders his control of his vehicle at his peril. And neither a limited nor a qualified consent, nor the fact that the limitations of the permission granted were exceeded, is sufficient to support the defense of lack of consent. (*People* v. *One 1951 Ford Sedan,* 122 Cal.App.2d 680 [265 P.2d 176], and cases there cited.) The owner of a vehicle thus unlawfully used loses it just as surely, just as irrevocably as did the owner of a personal chattel that had been instrumental in causing the death of a person, under the old English law of deodands.

In the case of One 1951 Ford Sedan, *supra,* the owner rented an automobile. The rentee loaned it to a third person. The third person was caught transporting narcotics in the car, which was then forfeited to the state.

In that case (122 Cal.App.2d 680, 687 [265 P.2d 176]) the District Court of Appeal says:

"By parting with possession voluntarily (the owner) has placed the automobile in circulation and made it possible for it to be used to transport narcotics. As was said in *People v. One 1937 Buick Coupe,* 89 Cal.App.2d 556, at page 561 [201 P. 402] : 'The owner parts with *possession* at his peril.' Where the owner has parted with possession voluntarily the Legislature has seen fit to provide that if the car is used illegally the interest of the owner shall be forfeited. The Legislature has determined that the use of a motor vehicle to transport narcotics is such an evil, and is so socially undesirable, that an owner surrenders possession at his peril. It has provided that if the *taking* is with the owner's consent, his interest will be forfeited if, the car is *used* illegally regardless of whether the owner consents to such *use* or even directs that it not be so *used.* It is not for the courts to revise this statute by creating exceptions not provided by the Legislature or compelled by constitutional restraints." (Emphasis included.)

In the never-ending struggle to control the unauthorized use of narcotics it is the relentless policy of our law to forfeit vehicles used in transportation of these deadly drugs. If California Car Company had made the investigation beforehand that they made after they turned the Cadillac over to Jewell Chambers she would not have had a vehicle in which to transport narcotics, and they would not have lost it.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.